DECISION.
This case has sua sponte been removed from the accelerated calendar.
On March 13, 1990, defendant-appellant Jack West was indicted under case number B-901777 on multiple counts of rape in violation of R.C. 2907.02. The offenses were alleged to have occurred between 1984 and 1987.
West left the state of Ohio on April 30, 1988, and eventually moved to Indonesia. West testified that he first became aware of the indictment in late 1990, and, on January 5, 1991, he went to the U.S. Embassy in Indonesia to turn himself into the authorities. He testified that the embassy contacted the Hamilton County Prosecutor's Office, but that the Prosecutor's Office declined to furnish him with a plane ticket, so he did not return to the United States at that time. West further testified that, beginning in 1991, he would occasionally travel to Singapore from his home in Indonesia to request a ticket back to the United States and that he also contacted various government agencies requesting a ticket, but that his requests were denied. He admitted that there was no extradition treaty between Indonesia and the United States.
On May 6, 1997, West returned to the United States, arriving in Detroit, Michigan. Upon his arrival, he was arrested, waived extradition, and was returned to Hamilton County. On July 9, 1997, West filed a motion to dismiss the rape charges. After conducting a hearing on the motion, the trial court denied West's motion.
On January 15, 1998, West was also indicted for three counts of intimidation under case number B-9800303. On February 9, 1998, West discharged his attorney, Julius F. Sanks, and the court appointed two new attorneys, Perry Ancona and Daniel Francis Burke, Jr. A hearing on the two indictments was held on February 24, 1998. At the hearing, West pleaded guilty to three counts of intimidation. He also pleaded guilty to four reduced charges of sexual battery, and the remaining counts of the first indictment were dismissed. West was sentenced that same day to two years' confinement on each of the four charges of sexual battery, with those terms to be served concurrently, and to consecutive four-to-ten-year terms on each of the intimidation counts. The trial court suspended the sentence on the intimidation counts, and West was placed on five years' probation to begin upon his release from prison on the sexual-battery charges.
Pursuant to R.C. 2950.09, a sexual-predator hearing was held on March 2, 1998. At that hearing, West moved to withdraw his guilty pleas, but the trial court denied his request and adjudicated him a habitual sexual offender under R.C. 2950.09(E).
West timely appeals the trial court's judgments, but has, according to his attorney, subsequently returned to Indonesia. West raises ten assignments of error, eight of which appear in his original brief and two of which are contained in a supplemental brief. After reviewing the record, we conclude that one of the assignments of error is well taken.
We first address West's assignments of error challenging his guilty pleas. In his sixth assignment of error, West contends that the trial court erred in accepting his guilty pleas because (1) they were not given voluntarily, (2) they were given on bad advice from counsel, and (3) he maintained his innocence even after pleading guilty. We disagree.
The decision to accept a guilty plea rests in the sound discretion of the trial court, and before the plea is accepted, the trial court must personally address the defendant and determine whether he has made a knowing, intelligent, and voluntary decision and whether he understands that he is waiving various constitutional rights to a fair trial.[1] In NorthCarolina v. Alford,[2] the United States Supreme Court held that a guilty plea may be accepted despite a defendant's protestations of innocence. An Alford plea may be accepted in Ohio under the following conditions:
 [w]here the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made.[3]
The record demonstrates that competent counsel represented West, and that there was a recitation of the facts surrounding the charges. Moreover, the trial court entered into a colloquy with West, asking (1) whether he understood the pleas, (2) whether he understood the effect and the consequences of the pleas, and (3) whether the pleas were given voluntarily. West answered in the affirmative to these questions on all three counts of intimidation and on the four reduced charges of sexual battery. Under the facts of this case, we, therefore, conclude that the trial court did not err in accepting his guilty pleas. West's sixth assignment of error is overruled.
In his seventh assignment of error, West contends that the trial court erred in denying his motion to withdraw his guilty pleas based on improper legal advice, and by not affording him a hearing on the motion. We are unpersuaded by this argument as well.
Crim.R. 32.1 provides that:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
Accordingly, a post-sentence motion to withdraw a plea of guilty may be granted by the trial court only upon a showing of manifest injustice,[4] and the trial court does not need to conduct an oral hearing on the motion.[5] When reviewing the trial court's denial of a post-sentence motion to withdraw a guilty plea, we apply an abuse-of-discretion standard.[6] In order to find an abuse of discretion, we must conclude that there was more than an error of judgment; the trial court's ruling must have been unreasonable, arbitrary, or unconscionable.[7]
The record reflects that after West was adjudicated a habitual sexual offender, he moved to withdraw his guilty pleas. As a basis for his motion, West stated that his previous attorney, Sanks, had told him that if he pleaded guilty to the charges, he would not be subjected to R.C. Chapter 2950 because it was unconstitutional. Essentially, West believed that he should be able to withdraw his guilty pleas because he was under the mistaken assumption that R.C. Chapter 2950 was inapplicable to him.
A review of West's statements, even if they are taken as truthful, fails to disclose the existence of manifest injustice. West identified Sanks as the attorney who gave him improper advice. However, West had discharged Sanks before he entered the guilty pleas. Following Sanks's tenure, two new attorneys, Burke and Ancona, were appointed. Ancona was appointed for the purpose of considering a plea, and Burke was appointed for the purpose of representing West at trial. When West moved to withdraw his guilty pleas, Ancona denied telling West that R.C. Chapter 2950 would be inapplicable to him. Clearly, West's representations do not rise to the level of manifest injustice, and the trial court did not abuse its discretion in denying his motion to withdraw his guilty pleas, because Ancona represented West when he entered his pleas, and there is no indication that Ancona gave West improper legal advice. Therefore, we overrule West's seventh assignment of error.
In his eighth assignment of error, West contends that the trial court erred in accepting his guilty pleas in violation of his Sixth Amendment right to a trial. Specifically, he alleges that, because he did not sign a jury waiver, his pleas were not effective. We find this argument feckless because the entry of a plea of guilty by an accused constitutes a waiver of a jury trial.[8] Therefore, the failure to file a waiver did not deprive West of any of his constitutional rights. Moreover, the record demonstrates that West was aware that, by entering guilty pleas, he was waiving his right to a jury trial, as is evidenced by the guilty-plea forms properly signed and filed by West and the colloquy entered into by the court. Accordingly, we overrule West's eighth assignment of error.
In West's first supplemental assignment of error, he challenges the trial court's subject-matter jurisdiction on the rape charges. Specifically he contends that the trial court erred when it denied his motion to dismiss the rape charges, because the six-year statute of limitations had tolled. We disagree.
R.C. 2901.13(A) provides in pertinent part that "a prosecution shall be barred unless it is commenced within the following periods after an offense is committed: (1) For a felony other than aggravated murder or murder, six years * * *."[9]
R.C. 2901.13(E) further provides that a prosecution commences on the date the indictment is returned, so long as the authorities use reasonable diligence to issue and execute process. Under R.C.2901.13(G), there is a tolling of the period of limitation when the accused purposely avoids prosecution:
 The period of limitation shall not run during any time when the accused purposely avoids prosecution. Proof that the accused absented himself from this state or concealed his identity or whereabouts is prima-facie evidence of his purpose to avoid prosecution.[10]
It is undisputed that West was in Indonesia when the felony indictment was returned on March 13, 1990, and when a capias order was issued against West on March 23, 1990. Although West contacted the U.S. Embassy in Indonesia in 1991, the state was unable to extradite him because, as both parties stipulate, there was no extradition treaty between the United States and Indonesia. Moreover, although West traveled to the U.S. Embassy in Singapore (where there was a viable extradition treaty), no evidence was presented that the state knew, or should have known, enough about West's presence in Singapore to effectuate an extradition. In considering the unusual factual circumstances of this case, we conclude that the trial court did not err in finding that West's prosecution on the 1990 indictment was not barred by R.C. 2901.13. Thus, we overrule West's first supplemental assignment of error.
In his second supplemental assignment of error, West alleges that he was denied his constitutional right to a speedy trial when the trial court overruled his motion to dismiss the rape charges. It is well established that a plea of guilty waives all defects in the prosecution except those errors involving the regularity and constitutionality of the plea itself and the procedure by which it was accepted by the court, and errors challenging the subject-matter jurisdiction of the court.[11] Accordingly, because the specific claim here was waived by West's guilty plea, we overrule this assignment of error.
Next, we address West's assignments dealing with his sentence. After West pleaded guilty to three counts of intimidation and the four reduced charges of sexual battery, the trial court properly conducted a sexual-predator hearing pursuant to R.C. Chapter 2950. West challenges the constitutionality of R.C. Chapter 2950 in his first four assignments of error. Specifically, he contends in his first assignment of error that R.C. 2950.09(B)(1) violates the Ex Post Facto Clause of the United States Constitution and the prohibition against retroactive enactments in the Ohio Constitution. In his second assignment of error, West maintains that R.C. 2950.09 violates the Double Jeopardy Clause of the United States Constitution. West avers in his third assignment of error that R.C. 2950.09 is unconstitutionally vague. Finally, West contends in his fourth assignment of error that R.C. Chapter 2950 denies him equal protection of the law as guaranteed by Section 2, Article 1 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution. We have addressed each of these arguments inState v. Lance[12] and found them to be without merit.Moreover, the Ohio Supreme Court has rejected challenges to thestatute based on the ex post facto and retroactivity clausesin State v. Cook.[13] We, therefore, find West's arguments to be unpersuasive.
West maintains in his fifth assignment of error that the trial court erred in finding that he was a habitual sexual offender. The state agrees that the trial court's finding was in conflict with R.C. 2950.09(E).
A habitual sexual offender is defined by R.C. 2950.01(B) in these terms:
 a person who is convicted of or pleads guilty to a sexually oriented offense and who previously has been convicted of or pleaded guilty to one or more sexually oriented offenses.
R.C. 2950.09(E) states that if a person is convicted of or pleads guilty to a sexually-oriented offense on or after the effective date of that section, the trial court shall determine whether the defendant has been previously convicted of or pleaded guilty to a sexually-oriented offense. If the defendant has been convicted of or has pleaded guilty to a sexually-oriented offense, the court must indicate that he is a habitual sexual offender. However, if the defendant has not been so convicted or has not pleaded guilty to a previous offense, the court must indicate that he is not a habitual sexual offender. Therefore, the adjudication of a defendant as a habitual sexual offender is dependent on the court's finding that the defendant is subject to the effective date of the statute, and that the defendant has been convicted of or pleaded guilty to a sexually-oriented offense other than the one for which he is being sentenced.
The record demonstrates that the trial court determined at the sexual-predator hearing that West was a habitual sexual offender solely because he had pleaded guilty to multiple charges of sexual battery in the same case, not because he had previously been convicted of or pleaded guilty to a sexual offense. Because the trial court did not base its determination on the criteria outlined in R.C. 2950.09(E), and because we find no evidence in the record indicating that West had previously been convicted of or pleaded guilty to a sexual offense, we conclude that the trial court erred in finding that West was a habitual sexual offender. Accordingly, we sustain West's fifth assignment of error, reverse the adjudication of West as a habitual sexual offender, and remand this case solely for a determination by the trial court as to whether West should be adjudicated a sexual predator or sexually-oriented offender as contemplated by R.C. Chapter 2950. In all other respects, the trial court's judgments are affirmed.
Judgments affirmed in part and reversed in part, and causeremanded.
 Gorman, P.J., Sundermann and Shannon, JJ.
Judge Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] Crim.R. 11.
[2] (1970), 400 U.S. 25, 91 S.Ct. 160.
[3] State v. Piacella(1971), 27 Ohio St.2d 92, 271 N.E.2d 852, syllabus.
[4] See State v. Smith(1977), 49 Ohio St.2d 261,361 N.E.2d 1324, paragraph one of the syllabus; State v. Blatnik(1984),17 Ohio App.3d 201, 478 N.E.2d 1016.
[5] See State v. Blatnik, supra; State v. Maxwell(Jan. 30, 1992), Cuyahoga App. No. 59888, unreported.
[6] See State v. Blatnik, supra, at 202, 478 N.E.2d at 1019.
[7] See State v. Adams(1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144, 149.
[8] Martin v. Maxwell(1963), 175 Ohio St. 147, 191 N.E.2d 838.
[9] This provision has been amended effective March 9, 1999, but it is inapplicable here.
[10] The statutory language of this statute has been amended effective March 9, 1999, but the amendment is inapplicable here.
[11] See U.S. v. Broce(1989), 488 U.S. 563, 109 S.Ct. 757;Village of Montpelier v. Greeno(1986), 25 Ohio St.3d 170,495 N.E.2d 581; Ross v. Court(1972), 30 Ohio St.2d 323,285 N.E.2d 25; State v. Brown(1988), 43 Ohio App.3d 39, 539 N.E.2d 1159.
[12] (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, and C-970283, unreported.
[13] (1998) 83 Ohio St.3d 404, 700 N.E.2d 570, paragraphs one and two of the syllabus.