[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Demyrell Palmore, appeals from the judgment of the trial court convicting him of domestic violence in violation of R.C. 2919.25 and sentencing him to two years' community control. In his sole assignment of error, Palmore claims that the trial court erred in accepting his Alford plea.
An Alford plea is a plea of guilty entered by a criminal defendant who, despite his plea, maintains that he is innocent of the charges against him. A trial court may accept an Alford plea "if the defendant intelligently concludes that his interests require entry of a guilty plea and if the record before the court contains strong evidence of guilt."[1] The record must affirmatively demonstrate that (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with an understanding of the nature of the charges; and (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both.[2]
This record shows that the trial court addressed Palmore personally and ascertained that Palmore understood the charges against him, that his guilty plea was being entered knowingly and voluntarily, and that he understood the rights that he was giving up by pleading guilty. Counsel was present with Palmore during the proceedings. The record also shows that a factual basis existed for the charges against Palmore and that counsel's advice was competent given the circumstances of the charges. Finally, the record shows that Palmore entered the plea due to his fear of the consequences of a trial, which could have resulted in a guilty finding and a sentence of incarceration.
Palmore claims that the trial court did not allow him to maintain his innocence when it accepted the plea. The record does not demonstrate this error. At the sentencing hearing, the trial court, in response to Palmore's repeated statements of his innocence, stated that it had already accepted Palmore's plea of guilty and was proceeding to sentencing based on that plea. The record demonstrates that the trial court's statements merely indicated a concern that Palmore was attempting to withdraw his earlier plea.
We overrule Palmore's sole assignment of error. Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Winkler, JJ.
Enter upon the Journal of the Court on August 16, 2000
per order of the Court.
[1] See State v. Post (1987), 32 Ohio St.3d 380, 387,513 N.E.2d 754, 762.
[2] See State v. West (1999), 134 Ohio App.3d 45, 49-50,730 N.E.2d 388, 391-392.