[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
Defendant-appellant Denver Jones was indicted under case number B-9609855 for three counts of rape. Jones was also indicted under case number B-9700992 for two counts of kidnapping and two counts of rape. On May 1, 1977, Jones pleaded guilty to one count of rape in B-9609855, and to two counts of sexual battery in B-9700992. On June 3, 1997, Jones was sentenced on all counts. Following a sexual-predator hearing, Jones was adjudicated a habitual sexual offender.
The sole assignment of error, which alleges that the trial court erred in finding Jones to be a habitual sexual offender, is sustained.
Pursuant to R.C. 2950.01(B), "habitual sexual offender" is defined in these terms:
 [A] person who is convicted of or pleads guilty to a sexually oriented offense and who previously has been convicted of or pleaded guilty to one or more sexually oriented offenses.
R.C. 2950.09(E) provides that if a person is convicted of or pleads guilty to a sexually-oriented offense, the trial court shall determine whether the defendant has been previously convicted of or pleaded guilty to a sexually-oriented offense. If the defendant has been previously convicted of or pleaded guilty to a sexually-oriented offense, the court must indicate that the defendant is a habitual sexual offender. However, if the defendant has not been convicted of or pleaded guilty to a previous sexually-oriented offense, the court must indicate that he is not a habitual sexual offender. "Therefore, the adjudication of a defendant as a habitual sexual offender is dependent on the court's finding that the defendant * * * has been convicted of or pleaded guilty to a sexually oriented offense other than the one for which he is being sentenced." State v.West (1999), 134 Ohio App.3d 45, 730 N.E.2d 388.
In State v. West, this court held that the trial court erred in finding West to be a habitual sexual offender solely because he had pleaded guilty to multiple counts of sexual battery in the same case. There was no evidence that West had been previously convicted of or pleaded guilty to a sexually-oriented offense.
In this case, Jones pleaded guilty to multiple charges at the same time. He was sentenced on all charges simultaneously. There is no evidence in the record that Jones had previously been convicted of or pleaded guilty to a sexually-oriented offense. Therefore, the trial court erred in finding that Jones was a habitual sexual offender. See State v. West, supra.
Therefore, the judgment of the trial court finding Jones to be a habitual sexual offender is reversed, and the cause is remanded for a determination by the trial court as to whether Jones should be adjudicated a sexual predator or a sexually-oriented offender as contemplated by R.C. Chapter 2950.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., DOAN and WINKLER, JJ.