[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Raising three assignments of error, defendant-appellant Dion D. Walker appeals from the conviction and sentence imposed by the trial court after Walker knowingly and voluntarily entered a plea of guilty to three counts of complicity to theft, fourth-degree felonies, for his part in a large-scale counterfeit-check scheme. The state dismissed three other counts against Walker in exchange for the plea of guilty. The trial court sentenced Walker to three, consecutive twelve-month prison terms, in addition to ordering restitution in the amount of $60,701.90.
In his first assignment of error, Walker alleges that the trial court erred in denying his motion to dismiss the indictment, as it placed him in jeopardy for multiple prosecutions for offenses arising out of the same course of conduct. In his motion to dismiss the fifty-count, twenty-one-defendant indictment, filed pro se, Walker alleged that he had been convicted of check theft earlier in 1999 and thus could not be prosecuted under the new indictment. Walker's third appointed counsel argued this issue before the trial court at a February 2, 2001, hearing. Stating that the indictment in this case involved different victims, different checks, and different conduct by Walker, the trial court rejected the motion to dismiss. One month later, Walker entered a plea of guilty to three of the six counts of the indictment that involved him.
A plea of guilty waives all defects in the prosecution except those errors challenging the subject-matter jurisdiction of the court or involving the constitutionality of the plea itself. Because Walker's specific claim challenges neither the jurisdiction of the court nor the regularity or voluntariness of the plea, the assignment of error is overruled. See Crim.R. 11(B)(1); see, also, State v. West (1999),134 Ohio App.3d 45, 52, 730 N.E.2d 388, 393-394.
In his second assignment of error, Walker contends that the trial court erred in imposing consecutive terms of imprisonment. He claims that the sentences were excessive, failed to comply with Ohio law, and were not supported by the record. The state has not responded to this assignment of error.
The imposition of consecutive terms confers the right to appeal the sentences imposed for a fourth-degree felony, even where, as here, the trial court found the existence of one or more of the factors noted in R.C. 2929.13(B)(1)(a) through (i). See R.C. 2953.08(A)(4). A trial court may order multiple sentences to run consecutively where the court finds that the consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that he poses to the public. See R.C. 2929.14(E). Additionally, the court must find at least one of the following: (1) the offender was awaiting trial or sentencing on another offense, was under community control, or was under post-release control for a prior offense; (2) the harm caused was great or unusual and that no single prison term would adequately reflect the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from further crime by him. When imposing consecutive sentences, the trial court must, pursuant to R.C. 2929.19(B)(2), make these findings and provide its reasons for imposing consecutive sentences.
In this case, the trial court made the required findings and gave reasons that supported those findings. See State v. Edmondson (1999),86 Ohio St.3d 324, 328, 715 N.E.2d 131, 135. The court then identified on its sentencing worksheet and stated at the sentencing hearing that Walker's criminal history demonstrated a need to protect the public, noting that Walker had participated in an organized criminal activity that had stolen over $60,000 from three separate banking institutions to justify the imposition of consecutive sentences. Walker's claim that the trial court's findings and reasons were insufficient to impose consecutive sentences is simply not supported by the record. See R.C.2953.08(G)(2)(a). The second assignment of error is overruled.
Walker's third assignment of error, in which he asserts that the three attorneys who represented him at the various stages of the proceedings below were ineffective, is overruled. After reviewing the record, including the hearing on the motion to dismiss, argued by his third counsel, we hold that there were no acts or omissions by his court-appointed attorneys that deprived him of a substantive or procedural right, or that rendered the proceedings fundamentally unfair. See Lockhart v. Fretwell (1993), 506 U.S. 364, 113 S.Ct. 838; see, also,Strickland v. Washington (1984), 466 U.S. 668, 694, 104 S.Ct. 2052,2068.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Gorman, JJ.