[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Ralph Pickett was charged with trafficking in marijuana, possessing marijuana, having weapons while under a disability and money laundering. He entered into a plea bargain whereby he would plead guilty to all counts except possessing marijuana. Pursuant to the plea bargain, Pickett was to be sentenced to a total of two years' incarceration in exchange for cooperating with the Regional Narcotics Unit and testifying against a co-defendant. At the sentencing hearing, the state alleged that Pickett had not abided by the terms of the plea bargain. The trial court allowed Pickett to withdraw his guilty pleas, and the case was continued for trial. Subsequently, Pickett pleaded guilty to all counts and was sentenced as appears of record.
Pickett's sole assignment of error, alleging that the trial court erred in failing to hold an evidentiary hearing concerning his compliance with the plea bargain, is overruled. Where a court has subject-matter jurisdiction, a knowing, voluntary and intelligent plea of guilty entered by a defendant, who is represented by competent counsel, operates as a waiver of all nonjurisdictional defects in prior stages of the proceedings. See Ross v. Court (1972), 30 Ohio St.2d 323, 285 N.E.2d 25;State v. West (1999), 134 Ohio App.3d 45, 730 N.E.2d 388; State v.Campbell (Dec. 19, 1997), Hamilton App. No. C-970125, unreported. By pleading guilty, Pickett waived his claim.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Sundermann, JJ.