[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} On April 3, 2002, defendant-appellant Sherman Alexander entered a guilty plea to one count of misuse of a credit card in violation of R.C. 2913.21(B)(2). That same day the trial court sentenced Alexander to an eleven-month prison term. On April 9, 2002, Alexander filed a pro se notice of appeal with respect to this conviction under the number C-020234.
{¶ 3} New trial counsel was appointed for Alexander, and on April 23, 2002, Alexander filed a post-sentence motion to withdraw his guilty plea. In support of this motion, Alexander testified that his original trial counsel had misled him by telling him that the court could not impose a sentence until it ordered a presentence-investigation report, and that if Alexander was not pleased with the court's sentence, he could withdraw his guilty plea and request a jury trial. Alexander further claimed that he was innocent. After two days of hearings, the trial court, in a written decision, denied the motion to withdraw the guilty plea. Alexander appealed this decision under the number C-020236. His two appeals have been consolidated for purposes of this judgment entry.
{¶ 4} In his single assignment of error, Alexander asserts that the trial court erred in denying his motion to withdraw his guilty plea. He contends that his original trial counsel's alleged misrepresentations amounted to a manifest injustice. We disagree.
{¶ 5} A trial court may allow the post-sentence withdrawal of a plea of guilty only to correct manifest injustice.[1] "The motion is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court."[2] Thus, a reviewing court shall not reverse a trial court's denial of the motion absent an abuse of discretion.[3] An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.[4]
{¶ 6} A review of the record fails to show that the alleged misrepresentations regarding Alexander's sentence created a manifest injustice. While Alexander testified that his trial counsel had told him that he could not have been sentenced the day that he had entered his guilty plea, the trial court informed him during the Crim.R. 11 colloquy that he could be sentenced immediately after entering his plea. Alexander acknowledged that he understood that possibility. Further, before proceeding to sentence Alexander after accepting his plea, the trial court gave him the opportunity "to tell [the court] anything [Alexander] would like to regarding sentence, even why it shouldn't take place today." In response, Alexander did not indicate that he wanted to postpone the sentencing for a presentence-investigation report, but instead apologized for the crime, asked to be able to make restitution to the victim, and requested that he be admitted to an alcoholic rehabilitation program. (The trial court did not seek a presentence-investigation report because Alexander voluntarily informed the court of his criminal history of similar offenses in New York and in Ohio.)
{¶ 7} With respect to Alexander's claim of innocence, we note that, during the plea hearing, the trial court asked him how he had obtained the victim's name and credit-card number, and Alexander responded, "[F]rom the credit card receipt." At no point during the plea or sentencing hearing did Alexander proclaim his innocence. Further, at the hearing on the motion to withdraw the guilty plea, Alexander offered no evidence of a complete defense to the crime of misuse of a credit card. There was no argument that the forged victim's signature on the credit-card receipt was not in Alexander's handwriting. And there was no evidence of any kind offered to support his claim of innocence.
{¶ 8} Finally, although Alexander testified that he would have still moved to withdraw his guilty plea if he had been given probation, we note that the trial court did not believe that assertion, and we defer to the trial court's assessment of Alexander's credibility in this respect.[5] Accordingly, under the facts in this case, we cannot say that Alexander proved a manifest injustice, and we thus hold that the trial court did not abuse its discretion in denying his motion to withdraw his guilty plea. Consequently, in light of the fact that Alexander's guilty plea was entered knowingly, intelligently and voluntarily, his conviction must stand. The sole assignment of error is overruled, and the judgment of the trial court is affirmed.
{¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.
[1] Crim.R. 32.1; State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324, paragraph one of the syllabus.
[2] Smith, supra, at 264, 361 N.E.2d 1324.
[3] State v. West (1999), 134 Ohio App.3d 45, 730 N.E.2d 388.
[4] Id.
[5] See Smith, supra, at 264, 361 N.E.2d 1324.