[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} On November 26, 2001, defendant-appellant Danny Williams was indicted for two counts of attempted murder in violation of R.C.2923.02(A), with accompanying gun specifications, two counts of felonious assault in violation of R.C. 2903.11(A)(1), with accompanying gun specifications, two counts of felonious assault in violation of R.C.2903.11(A)(2), with accompanying gun specifications, and two counts of carrying a concealed weapon in violation of R.C. 2923.12(A). On November 27, 2001, Williams entered a not-guilty plea. On June 24, 2002 a jury trial commenced. The following morning, Williams withdrew his plea of not guilty and entered a guilty plea to two counts of attempted murder and one accompanying gun specification. In exchange for the plea, the state dismissed the remaining charges and specifications. The plea also involved an agreed sentence of fifteen years in prison.
{¶ 3} Pursuant to Anders v. California,[1] Williams's appointed appellate counsel has filed a brief advising this court that, after a thorough review of the record, she can find nothing that would arguably support Williams's appeal.[2] Counsel has attached a letter to the brief wherein Williams contends that his plea was involuntary. Appellate counsel has also filed an affidavit stating that she has advised Williams that she has not found any prejudicial errors, and asking us to review the record independently. Further, appellate counsel has filed a motion to withdraw as counsel pursuant to Anders.
{¶ 4} Williams, apparently unhappy with his appellate counsel's decision to file an Anders brief, has subsequently filed a motion requesting that his appellate counsel be permitted to withdraw, that new counsel be appointed to represent him, and that he be permitted to withdraw his current appeal without prejudice. Williams contends that appellate counsel's failure to order the transcripts in this case,[3] to provide him with copies of those transcripts, and to delineate specific errors on appeal relating to the involuntariness of his plea demonstrates that he has been denied the effective assistance of appellate counsel. Because this court cannot address an appellate counsel's performance in a direct appeal,[4] we deny Williams's motion and review the record in accordance with Anders.
{¶ 5} Having reviewed the entire record,[5] we agree with counsel that the proceedings below were free of error prejudicial to Williams and that there are no grounds to support a meritorious appeal. The record reflects that the trial court, pursuant to Crim.R. 11(C) scrupulously ensured that Williams's plea was made knowingly, voluntarily, and intelligently.[6] We, therefore, overrule appellate counsel's motion to withdraw and affirm the judgment of the trial court as to the findings of guilt. But because our review of the record reveals an error in the sentencing entry, wherein Williams received a five-year sentence on count 5 instead of the agreed six-year sentence, we vacate the sentence in part and remand this case to the trial court with instructions to correct the clerical error in its judgment to reflect that Williams received a term of six years on count 5.[7]
{¶ 6} The trial court's judgment is accordingly affirmed in part, the sentence is reversed in part, and this case is remanded for correction of the record in accordance with the terms of this judgment entry.
{¶ 7} Our determination that the proceedings below were otherwise free from prejudicial error also compels our conclusion that there were no reasonable grounds for this appeal under App.R. 23 and R.C. 2505.35. We refrain, however, from taxing costs and expenses because of Williams' indigency. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Painter, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] We note that in Smith v. Robbins, (2000), 528 U.S. 259,120 S.Ct. 746, the United States Supreme Court held that the Anders procedure is only one method that states may use to satisfy the constitutional requirements for indigent criminal appeals; however, as of this writing, the Anders procedure is still followed in Ohio. See State v. Lachner
(Feb. 25, 2000), 6th Dist. No. S-98-049.
[3] This court has been provided with the record, including the transcripts of the proceedings.
[4] See, e.g., State v. Murnahan, (1992), 63 Ohio St.3d 60,584 N.E.2d 1204; App.R. 26(B).
[5] See Anders, supra; Freels v. Hills (C.A.6, 1988), 843 F.2d 958.
[6] See, also, State v. West (1999), 134 Ohio App.3d 45, 49-50,730 N.E.2d 388 (stating that "[a]n Alford plea may be accepted in Ohio * * * where the record affirmatively discloses that: (1) [the] defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, [and] the guilty plea has been voluntarily and intelligently made.").
[7] Because the trial court imposed a different sentence in open court than it did on its written sentencing entry, and because correction of the sentencing entry will result in Williams receiving an additional year in prison on count five, Williams must be resentenced in order to afford him the right of allocution under Crim.R. 43(A).