OPINION
{¶ 1} Defendant-appellant, William E. Wise, Jr., appeals a decision of the Clermont County Court of Common Pleas sentencing him to four years in prison after he was convicted of sexual battery.
 {¶ 2} Appellant was indicted in Count One of an indictment for sexual battery pursuant to R.C. 2907.03(A)(7) and in Count Two for sexual battery pursuant to R.C. 2907.03(A)(9). The state alleged that appellant had an ongoing sexual relationship with a student at the Christian school where he was employed as the athletic director. Pursuant to a plea agreement, appellant pled guilty to Count One of the indictment and Count Two was dismissed.
 {¶ 3} At a sentencing hearing, the trial court ordered appellant's sentence to be served consecutively to a recently imposed sentence for three counts of sexual battery in Hamilton County. The trial court also determined that appellant was a habitual sex offender pursuant to R.C.2950.01(B).
 {¶ 4} Appellant now appeals the trial court's sentencing decision and raises three assignments of error.
 Assignment of Error No. 1: {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFEN DANT BY FAILING TO FOLLOW THE STATUTORY GUIDELINES IN SENTENCING DEFENDANT TO CONSECUTIVE SENTENCES."
 Assignment of Error No. 2: {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFEN DANT BY FAILING TO CREDIT TIME SERVED FOR INCARCERATION IN THIS MATTER."
 Assignment of Error No. 3: {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFEN DANT BY CLASSIFYING HIM AN [sic] HABITUAL SEXUAL OFFENDER."
 {¶ 8} Appellant first contends that the trial court verbal ized its findings on the record, but failed to journalize or give reasons in the sentencing entry. Recently, the Ohio Supreme Court determined that, when imposing consecutive sen tences, a trial court is required to make its statutorily enu merated findings and give reasons supporting those findings at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. Because the trial court in this case made its determinations and findings on the record at the sentencing hearing, we find this argument to be without merit.
 {¶ 9} Appellant also argues that the trial court failed to make the required findings and to state sufficient reasons for those findings. Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must find that one of the factors listed in R.C. 2929.14(E)(4)(a) through (c) applies:
 {¶ 10} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C.] 2929.16, 2929.17, or 2929.18, or was under post-release control for a prior offense.
 {¶ 11} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 12} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 13} R.C. 2929.14(E)(4) does not require the trial court to recite the exact words of the statute in order to impose consecutive sentences upon an offender. State v. Boshko (2000), 139 Ohio App.3d 827,839. However, the trial court must state sufficient supporting reasons for the imposition of such sentences. Comer; R.C. 2929.19(B)(2)(c);Boshko at 838.
 {¶ 14} In this case, the trial court stated that "based upon your actions during this while you were indicted, as well as during — awaiting sentencing, I feel that consecutive sentencing is called for, that your history and your lack of following bond any conditions requires protection from you * * *." The trial court's comments were in reference to a determination it made that, despite a condition of bond that appellant not have any contact with the victim in this case, appellant had continued a relationship with the girl. Evidence was presented that appellant continued a relationship with the victim after his arrest, indictment and guilty plea and that he was seen meeting her as recently as two weeks before sentencing in this case.
 {¶ 15} We find that the trial court's statement was sufficient to meet the requirement that the trial court find consecutive sentences are necessary to protect the public from future crime. While not phrased in the exact words of the statute, the determination was essentially that the public needed protection from appellant because of his continued behavior with the victim in this case. The trial court also found that appellant was manipulative and a "user" of young girls. We find that the trial court stated sufficient reasons for making this determination.
 {¶ 16} We also find that the trial court's comments were sufficient to support a finding that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Again, while not using the precise words of the statute, the trial court discussed appellant's history with regards to the crime he was charged with, in addition to his failure to follow the conditions of his bond and that consecutive sentences were necessary for "protection from you."
 {¶ 17} However, the trial court was also required to make a determination that consecutive terms were not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public. Nothing in the trial court's statement at the hearing suggests that the trial court engaged in any type of analysis regarding the proportionality of consecutive sentences in relation to the seriousness appellant's conduct or in relation to the danger posed to the public. Accordingly, we must remand this case to the trial court for resentencing.
 {¶ 18} In his second assignment of error, appellant contends that the trial court failed to credit him with the amount of time he had served in jail prior to sentencing. However, the record reveals that the trial court credited appellant with 11 days of jail time credit in an entry dated May 10, 2002. Thus, we find no merit to appellant's second assignment of error.
 {¶ 19} In his third assignment of error, appellant contends that the trial court erred in classifying him as a habitual sex offender. R.C. 2950.01(B) defines a "habitual sex offender" as a person who "is convicted of or pleads guilty to a sexually oriented offense" and who "previously has been convicted of or pleaded guilty to one or more sexually oriented offenses." R.C. 2950.01(B)(1) and (2). At the time of appellant's sentencing hearing, the state presented evidence that appellant had been convicted of three counts of sexual battery in Hamilton County. Appellant argues that the Hamilton County convictions involved conduct with the same victim that occurred in Hamilton County. He contends that they can not be used as the basis for a habit ual sex offender classification because they involved the same victim and same course of conduct.
 {¶ 20} As support for this argument, appellant relies on a case from the First District Court of Appeals reversing a habitual sexual offender designation imposed by the trial court. State v. West (1999),134 Ohio App.3d 45. However, in that case, the trial court based its determination on the fact the defendant pled guilty to multiple charges of sexual battery in the same case. The appellate court's determination was based on the fact that the defendant did not meet the definition of a habitual sex offender because he did not have a prior conviction for a sexually oriented offense.
 {¶ 21} In this case, appellant meets the statutory definition of a habitual sex offender. He was convicted of a sexually oriented offense and had a prior conviction for a sexually oriented offense. The statute does not require any further determination regarding the facts of the offense beyond the fact that the defendant has been previously convicted of a sexually oriented offense. Thus, appellant meets the definition of a habitual sex offender.
 {¶ 22} Additionally, we note that appellant agreed to a designation of a habitual sexual offender. Other courts have determined that a stipulation to a sexual offender classification relieves counsel of the necessity to present evidence on the issue and waives any right to contest the designation. See State v. Thompson, Lake App. No. 2001-L-070, 2002-Ohio-6704, and cases cited therein. Appellant's third assignment of error is overruled.
 Judgment affirmed in part, reversed in part, and remanded for resentencing.
POWELL and HENDRICKSON, JJ., concur.
Hendrickson, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.