[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant, Carl Hisle, appeals the judgment of the Hamilton County Court of Common Pleas denying his motion to withdraw a guilty plea. For the following reasons, we affirm the trial court's judgment.
 {¶ 3} In 1993, Hisle entered a guilty plea to one count of rape under R.C. 2907.02 and was sentenced to a term of incarceration of five to twenty-five years. In 2001, he filed a motion to withdraw his guilty plea. The motion was supported by an affidavit in which Hisle claimed that he had entered the guilty plea because his trial counsel had erroneously advised him that he would be eligible for shock probation after he had completed a sex-offender program.
 {¶ 4} After an evidentiary hearing, the trial court denied the motion to withdraw. In his first assignment of error, Hisle now claims that the trial court erred in denying the motion.
 {¶ 5} A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The determination of whether the defendant has demonstrated a "manifest injustice" is committed to the sound discretion of the trial court and will not be disturbed absent a showing that the trial court abused its discretion.[1] The term "abuse of discretion" means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.[2]
 {¶ 6} In the case at bar, we find no abuse of discretion in the trial court's denial of the motion to withdraw. The motion was supported only by the affidavit of Hisle, who averred that he had been promised the possibility of shock probation. Hisle did not offer any documentation, in the form of the transcript of the plea hearing[3] or the affidavit of the attorney who had represented him at the plea hearing, to substantiate that such a promise had been made.
 {¶ 7} Moreover, the evidence adduced at the hearing did not indicate that Hisle had been induced to enter the guilty plea upon a promise of probation. The trial judge who had presided over the plea hearing testified that her notes from the hearing suggested that Hisle was not eligible for shock probation and that she had not discussed the possibility of probation with counsel. Hisle's wife also testified at the hearing, but she was not permitted to testify about her understanding of why Hisle had entered the plea. Under these circumstances, we cannot say that the trial court's denial of the motion was unreasonable, arbitrary or unconscionable.
 {¶ 8} In his second and final assignment of error, Hisle argues that the trial court erred in refusing to accord him a complete hearing on the motion to withdraw the plea. Although Crim.R. 32.1 does not expressly provide for an evidentiary hearing on a post-sentence motion to withdraw a guilty plea, this court has held that the trial court must hold a hearing if the facts alleged in the motion, accepted as true, would require that the plea be withdrawn.[4] The decision of whether to conduct an evidentiary hearing is within the discretion of the trial court and will not be disturbed absent an abuse of discretion.[5]
 {¶ 9} In the case at bar, the trial court did conduct an evidentiary hearing. Hisle claims, though, that the hearing was insufficient because the trial court did not permit his testimony or the testimony of the attorney who had represented him at the plea hearing. We find no abuse of discretion. Hisle's affidavit was before the trial court, and he has not stated how his live testimony would have augmented his argument in support of the motion. As for trial counsel, Hisle did not offer an affidavit of counsel in support of the motion and did not proffer what counsel would have said if he had been permitted to testify. Therefore, Hisle has failed to demonstrate that he was prejudiced by the trial court's limitation of the hearing or that the trial court abused its discretion in refusing to consider further evidence. The second assignment of error is overruled, and the judgment of the trial court is affirmed.
 {¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Winkler, JJ.
[1] State v. Brown, 1st Dist. No. C-010755, 2002-Ohio-5813, at ¶ 13, jurisdictional motion overruled, 98 Ohio St.3d 1487, 2003-Ohio-1189,785 N.E.2d 471, citing State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324, paragraph two of the syllabus.
[2] State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.
[3] Although Hisle's counsel stated that the transcript was unavailable, it was nonetheless Hisle's burden to demonstrate that manifest injustice had occurred.
[4] State v. West (1999), 134 Ohio App.3d 45, 50-51, 730 N.E.2d 388, citing State v. Blatnik (1984), 17 Ohio App.3d 201, 202,478 N.E.2d 1016.
[5] See Brown, supra, at ¶ 20.