JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
The defendant-appellant, William L. Pearl, appeals the trial court's denial on July 11, 2003, of his motion to withdraw his guilty pleas that were entered on April 8, 1998. In his pro se brief, Pearl raises four assignments of error, and we address them as we discern his arguments.
In the first assignment of error, Pearl contends that the trial court abused its discretion by dismissing his motion to withdraw the guilty pleas and by not "granting summary judgment and/or conducting evidentiary hearing." A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The defendant has the burden of proving manifest injustice, and the resolution of the motion is addressed to the sound discretion of the trial court.[1] The trial court is not required to conduct an oral hearing on the motion.[2] In order to recognize an abuse of discretion, we must conclude that there was more than an error of judgment; the trial court's ruling must have been unreasonable, arbitrary, or unconscionable.[3]
An undue delay between the occurrence of the alleged cause for withdrawal of the guilty plea and the filing of the Crim.R. 32.1 motion is a factor adversely affecting the credibility of the movant and weighing against the granting of the motion.[4]
On this record, we hold that the trial court did not abuse its discretion in denying Pearl's motion in view of the gap in time between when the guilty pleas were entered to the multiple felony charges and the filing of his post-sentence motion. Thus, the first assignment of error is overruled.
In the second assignment of error, Pearl asserts that the trial court breached a plea agreement. In the absence of a transcript of the sentencing hearing, we have reviewed the entry journalized and signed by Pearl, his counsel, and the prosecutor, in which Pearl entered his guilty pleas. While the record is devoid of any references to a formal plea agreement, we do note that when Pearl entered his guilty pleas, a written notation was made on the plea entry that the potential total sentence would amount to thirty years. The subsequent sentencing entry journalized on the same day did impose a thirty-year period of incarceration, and this second entry further stated that it embodied an agreed sentence. Additionally, when Pearl entered his guilty pleas, the record shows that he had been fully informed of his rights and the consequences of entering guilty pleas to the multiple felony charges.[5] Thus, we overrule the second assignment of error.
In the third assignment of error, Pearl contends that he failed to receive sound advice from counsel when he waived a presentence-investigation report. In the fourth assignment of error, Pearl contends that he suffered from ineffective assistance of counsel because he entered guilty pleas to the multiple charges. We discuss these assignments of error together.
To establish ineffective assistance of counsel, there must be a showing that counsel's performance fell below an objective standard of reasonable representation and, in addition, that prejudice arose from counsel's performance.[6] Pearl was informed of his potential sentence at the time he entered his guilty pleas and that was the actual sentence imposed. Moreover, the trial court's additional notations on the sentencing entry stated that there was an agreed sentence and that no presentence-investigation report would therefore be ordered. On the record transmitted to this court, Pearl has made no showing that counsel's performance fell below an objective standard of reasonable representation, much less that he suffered any prejudice. Thus, the third and fourth assignments of error are overruled.
Accordingly, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., DOAN and PAINTER, JJ.
[1] See State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324, paragraphs one and two of the syllabus; State v. West
(1999), 134 Ohio App.3d 45, 50, 730 N.E.2d 388.
[2] See id.
[3] See State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144.
[4] See Smith, at paragraph three of the syllabus.
[5] See Crim.R. 11.
[6] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052.