JOURNAL ENTRY AND OPINION
Nicholas Kadas appeals from a judgment of the common pleas court accepting his guilty plea to two counts of aggravated vehicular assault with driving while under the influence specifications and sentencing him to ten months for each count to be served concurrently and a $2,000.00 fine. On appeal, he urges his plea had not been made knowingly, intelligently and voluntarily and that he received ineffective assistance of counsel at trial. After reviewing the record, this court has concluded that the trial court did not err in accepting his plea and that he did not receive ineffective assistance of counsel. Therefore, the judgment of the trial court is affirmed.
On January 23, 1999, the automobile operated by Kadas collided with another automobile on Ridge Road in Parma, Ohio. Both vehicles were seriously damaged and the occupants of the other car seriously injured. Once the police arrived, Kadas was asked to take a blood-alcohol breath test, but he refused. Subsequently, on March 8, 1999, a grand jury indicted him on two counts of aggravated vehicular assault with a driving while under the influence specification added to each count. A trial date for June 28, 1999 was set, however, prior to its commencement, Kadas entered a change of plea and entered a plea of guilty to both counts.
During the plea hearing, the trial court informed Kadas of the constitutional rights he would be giving up, his possible sentence and that a mandatory lifetime license suspension would be imposed. He was also informed that he would not be eligible for community control sanctions or judicial release. After being satisfied that Crim.R. 11 had been complied with, the trial court accepted the change of plea and sentenced Kadas.
Kadas now appeals and sets forth two assignments of error for review. The first states:
 I. THE APPELLANT'S CHANGE OF PLEA WAS NOT MADE KNOWINGLY AND INTELLIGENTLY, BECAUSE HE WAS NOT ACCURATELY INFORMED OF THE POSSIBLE PENALTIES AND CONSEQUENCES OF THE CHARGES AGAINST HIM.
Kadas urges the trial court erred when it accepted his guilty plea because he had been unaware that he would be ineligible for judicial release after serving a mandatory sixty-day sentence. The state, however, maintains the court fully complied with Crim.R. 11 prior to accepting the plea.
Thus, the issue concerns whether Kadas knowingly and intelligently entered a guilty plea.
Crim.R. 11 (C)(2) states in pertinent part:
 In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and doing all of the following:
 (a) Determining whether the defendant is making the plea voluntarily, with understanding the nature of the charges and the maximum penalty involved * * *
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial * * *.
Additionally, in State v. Nero (1990), 56 Ohio St.3d 106, the court stated:
 Literal compliance with Crim. R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance. Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. The test is whether the plea would have otherwise been made. (Citations omitted).
The record reveals that the trial court fully explained each right Kadas would be forfeiting by entering a guilty plea. Additionally, the trial court stated:
 THE COURT: Do you understand that during that 60 days mandatory time you are not eligible for judicial release?
* * *
 THE COURT: So he's subject to a mandatory prison term, not eligible for community control sanctions or judicial release?
Therefore, in accordance with Crim.R. 11(C)(2) and Nero, this court has concluded that the trial court did not err in accepting Kadas' guilty plea and that he had been fully aware of the penalties that could be imposed. Furthermore, he has not shown a prejudicial effect or that the plea would not have otherwise been made. Accordingly, this assignment of error is overruled.
 II. APPELLANT'S INEFFECTIVE ASSISTANCE OF COUNSEL FORCED APPELLNAT [SIC] INTO AN UNWANTED PLEA AGREEMENT.
Here, Kadas urges that he made an Alford plea and that the trial court and his counsel should have requested that a factual basis be put on the record to resolve the conflict between his guilty plea and his claim of innocence. The state, however, maintains Kadas never claimed he was innocent nor attempted to withdraw his guilty plea.
Thus, the issue concerns whether Kadas received ineffective assistance of counsel during the plea hearing.
Regarding the claim of ineffective assistance of counsel, the United States Supreme Court stated in Strickland v. Washington (1984),466 U.S. 668:
 * * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.
In State v. Piacella (1971), 27 Ohio St.2d 92, the court stated:
 Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advise was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made.
In order to prevail, Kadas must demonstrate that his counsel had been deficient and that the result of the trial would have been different, but for counsel's performance.
The record here reveals that the following dialogue occurred at the plea hearing:
 THE COURT: How do you wish to plead to the charges as indicted in counts one and two?
THE DEFENDANT: Guilty, your Honor.
 THE COURT: Is this a voluntary plea done of your own free will and desire?
THE DEFENDANT: Yes, it is.
The trial court then accepted the plea and scheduled the sentencing hearing for June 28, 1999 and referred Kadas to the probation department for a pre-sentence report. Subsequently, at the sentencing hearing, Kadas demonstrated remorse for the injuries he caused and admitted that he had a drinking problem. However, he told the probation department that he had not been intoxicated on the night of the incident.
An Alford plea is one that is entered at the time the plea is entered, not at the time of sentencing. Here, the record affirmatively demonstrates that Kadas' guilty plea had not been coerced, he had been represented by counsel at the time of the plea and counsel provided competent advice, that the plea had been made with an understanding of the charges, and that he had been motivated either by a desire to seek a lesser penalty or fear of the consequences of a jury trial. Based onPiacella, this court has concluded that Kadas failed to demonstrate that his counsel was deficient and that the result of the trial would have been different but for counsel's performance. Accordingly, this assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and KENNETH A. ROCCO, J., CONCUR