OPINION
{¶ 1} Defendant, Don Gossard, appeals the trial court's order denying Gossard's motion to withdraw his Alford plea.
 {¶ 2} On December 12, 2001, Gossard was indicted on five counts of rape of another less than thirteen years of age, by force or threat of force, in violation of R.C. 2907.02(A)(1)(b). On the day of the trial, Gossard entered a guilty plea pursuant to North Carolina v. Alford
(1970), 400 U.S. 25, to one count of rape, in exchange for the State's dismissal of the remaining counts.
 {¶ 3} Three days prior to sentencing, Gossard filed a written pro se Petition for Motion to Change Plea asking the court to allow him to withdraw his guilty plea. At the sentencing hearing, the trial court merely asked Gossard if he had anything further to say on the motion. Gossard replied that he did not, and the trial court overruled his motion. Thereafter, the trial court imposed a mandatory life sentence and designated Gossard a sexual predator.
 {¶ 4} Gossard now appeals offering three assignments of error.
 FIRST ASSIGNMENT OF ERROR {¶ 5} "Whether The Trial Court Erred In Not Allowing Defendant To Withdraw His Alford Guilty Plea Prior To Sentencing And Thereby Violated Defendant's Constitutional Right To Due Process Under The Fifth, Sixth, And Fourteenth Amendment [sic] Of The United States Constitution And Article I Section 10 Of The Ohio Constitution."
 {¶ 6} A person is not guilty of an offense unless the person's criminal liability is (1) based on conduct that constitutes an act or omission prohibited by law, which is (2) committed with the degree of culpability which the offense prescribes. R.C. 2901.22(A). A plea of guilty to a criminal offense charged is a complete admission of criminal liability that is sufficient to support a conviction by the court. However, the plea must be knowingly, intelligently, and voluntarily made. Crim. R. 11(C); State v. Kelley (1991), 57 Ohio St.3d 127. Compliance with the requirements of Crim.R. 11(C) portrays those qualities, subject to any further, specific qualification.
 {¶ 7} An Alford plea represents a qualification to the assurances created by a proper Crim.R. 11(C) inquiry. It permits a plea of guilty when the defendant nevertheless denies a necessary foundation of criminal liability, either with respect to the truth of the act or omission charged or the degree of culpability which the offense requires. "An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." Alford, 400 U.S., at 37.
 {¶ 8} Interpreting and applying Alford, the Supreme Court of Ohio has held: "Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made." State v. Piacella
(1971), 27 Ohio St.2d 92, syllabus; State v. Padgett (1990),67 Ohio App.3d 332, 338.
 {¶ 9} The defendant in Alford was charged with first-degree murder, a capital offense. The defendant entered a guilty plea to a reduced charge of murder in the second degree, which involved a lesser penalty. The record showed that defendant's attorney had interviewed the witnesses whom defendant claimed would substantiate his innocence, and each gave contradictory statements that strongly indicated his guilt. Defendant's attorney recommended the guilty plea to the lesser offense, but left the decision to defendant. Before defendant's guilty plea was accepted by the court, the court heard the sworn testimony of a police officer who summarized the State's case, plus the testimony of two other witnesses who stated that defendant had left home with his gun after stating that he intended to kill the victim and returned later, declaring that he had carried out the killing. Defendant took the stand, told his version of the events that contradicted the State's evidence, and stated "that he was pleading guilty because he faced the threat of the death penalty if he did not do so." (27 L.Ed.2d 166). He also stated that he relied on his attorney's recommendation in making the decision to plead guilty. And, defendant filed a petition for post-conviction relief on which the trial court had conducted an evidentiary hearing, after which the trial court denied the petition on a finding that "the plea was `willingly, knowingly, and understandingly' made on the advice of competent counsel and in the face of a strong prosecution case." Id. at 167. Based on these factors, the Alford Court found that the Defendant's guilty plea was valid.
 {¶ 10} Here, in contrast, the record does not portray what, if anything, Gossard's counsel did to investigate the strength of the State's case. The record does not reflect that Gossard's attorney recommended the guilty plea. The court heard no sworn testimony concerning the evidence against Gossard, but instead relied on a summary of evidence the prosecutor presented, which represented to the court in general terms that Gossard had admitted his criminal conduct to investigating officers. Gossard never stated or explained what his motivation was for entering the Alford plea, instead giving only monosyllabic responses to the trial court's leading questions on the matter. The court conducted only a perfunctory hearing on Gossard's subsequent pro se motion to withdraw his plea, asking Defendant only if there was "anything you wish to add to the material that was contained in the Petition?" (T. 2) Defendant replied, simply; "No sir." (T. 3).
 {¶ 11} The proper taking of a guilty plea requires "a meaningful dialogue between the court and the defendant." Garfield Heights v.Brewer (1980), 17 Ohio App.3d 218, State v. Bowling (March 10, 1987), Montgomery App. No. 9925. In Padgett, we explained that where a defendant protests innocence but nevertheless is willing to plead guilty, the trial court "must determine that the defendant has made a rational calculation to plead guilty notwithstanding his belief that he is innocent."Padgett, supra, at 338-39. At a minimum, this requires an "inquiry of the defendant concerning his reasons for deciding to plead guilty notwithstanding his protestations of innocence; it may require, in addition, inquiry concerning the state's evidence in order to determine that the likelihood of the defendant's being convicted of offenses of equal or greater magnitude than the offenses to which he is pleading guilty is great enough to warrant an intelligent decision to plead guilty." Id.
 {¶ 12} The essence of an Alford plea is that a Defendant's decision to enter the plea against his protestations of factual innocence is clearly and unequivocally supported by evidence that he exercised that calculus for the purpose of avoiding some more onerous penalty that he risks by, instead, going to trial on the charges against him. A basis for that calculation is apparent here; Gossard avoided five life sentences in favor of one, for which he would be eligible for release after serving ten years. Nevertheless, the evidence must be clear and unequivocal that he made that choice with a full understanding of the risks of conviction and a desire to avoid them. Padgett, supra. Lacking that, the record fails to affirmatively demonstrate that the plea was knowing, intelligent, and voluntary. Piacella.
 {¶ 13} In order to accomplish these requirements, a court taking an Alford plea, or one which is characterized as that, can ask a defendant why he's entering the plea. A positive response portraying anAlford calculus will likely avoid later challenges to the plea. That wasn't done here. Indeed, the court conducted the Crim.R. 11(C) colloquy in summary form, instead of pausing after each question for a reply, which is the preferred practice. State v. Ballard (1981),66 Ohio St.2d 473. Further, when Gossard asked to withdraw his guilty plea, the court didn't ask him why he wanted to withdraw it, but only if he had anything to add to his written motion to withdraw. These matters, while not dispositive, nevertheless undermine the fairness of the process.
 {¶ 14} As a further matter, the State's recitation of the evidence of Defendant's criminal conduct was that Defendant had "licked (the victim's) vaginal area." Rape, per R.C. 2907.02(A)(1), involves "sexual conduct," which per R.C. 2907.02(A) includes "cunnilingus between persons regardless of sex." Cunnilingus is not defined. It generally refers to the act of licking to stimulate the vulva or clitoris with the lips or tongue. "Vaginal" means of or relating to the vagina, which is the internal canal that leads from the uterus to the external orifice or opening between the projecting parts of the female genital organ. The statute does not require penetration, but some form of penetration is required to reach the vagina.
 {¶ 15} The "vaginal area" might refer only to the external orifice itself. The State argues, correctly, that evidence of such clinical exactness is generally not required to prove rape involving cunnilingus, but further exactness considerations apply when an Alford plea is involved. R.C. 2901.04(C) requires us to construe sections of the Revised Code that define offenses strictly against the State and liberally in favor of the accused. And, Alford involved far more complete and comprehensive assurances of voluntariness than this record presents. Even so, having found that the plea fails to satisfy the Alford standard, we need not decide whether the criminal conduct described violates the rape statute.
 {¶ 16} The first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR {¶ 17} "Whether Defendant's Conviction Was Not Supported By The Manifest Weight Of Sufficient Evidence Or Beyond Reasonable Doubt And Thereby Violated Defendant's Constitutional Right To Due Process Under The Fifth, Sixth, And Fourteenth Amendment Of The United States Constitution And Article I Section 10 Of The Ohio State Constitution."
 THIRD ASSIGNMENT OF ERROR {¶ 18} "Whether The Court Erred When It Classified Defendant As A Sexual Predator Without First Holding An Evidentiary Hearing Pursuant To The Requirements Of ORC 2950.09 And Thereby Violated His Constitutional Right To Due Process Under The Fifth, Eight, And Fourteenth Amendments Of The United States Constitution And Article I Section 10 Of The Ohio State Constitution."
 {¶ 19} Having sustained Gossard's first assignment of error, both Gossard's second and third assignments of error are moot, and we decline to address them for that reason. App.R. 12(A)(1(c).
 {¶ 20} The order and judgment from which the appeal is taken will be reversed and the case remanded for further proceedings.
Young, J., concurs.
Brogan, J., dissents.