OPINION
{¶ 1} This appeal arises from the Lake County Court of Common Pleas, wherein appellant, David A. Gillespie, pled guilty, pursuant to North Carolina v. Alford, to one count of robbery, a third degree felony.[1]
 {¶ 2} On December 7, 2001, appellant was indicted on two counts of robbery, both felonies in the second degree. He waived his right to be present at arraignment, and the trial court entered a plea of not guilty.
 {¶ 3} A trial date was set for August 7, 2002. On August 6, 2002, appellant appeared in court and entered both an oral and written guilty plea, pursuant to North Carolina v. Alford, to a lesser included offense of robbery, a felony in the third degree. A nolle prosequi was entered with respect to the other counts in the indictment. The matter was referred for a presentence investigation.
 {¶ 4} Prior to sentencing, appellant filed both a Crim.R. 32.1 motion to withdraw his guilty plea, and a motion to withdraw his trial counsel from the case. On September 27, 2002, the trial court granted counsel's motion to withdraw and an appearance was entered by new counsel. A hearing on the Crim.R. 32.1 motion was set for October 28, 2002.
 {¶ 5} At the Crim.R. 32.1 hearing, appellant was represented by new counsel. His previous counsel was present to testify. A full evidentiary hearing was conducted. Appellant and his prior counsel both testified at the hearing. The trial court denied appellant's Crim.R. 32.1 motion in a subsequent judgment entry, dated December 3, 2002.
 {¶ 6} The matter proceeded to sentencing on December 16, 2002. Appellant was sentenced to two years of community control sanctions as well as forty-five days in the Lake County jail with credit for five days served. Appellant was ordered to complete a drug treatment program while in jail and to then complete the North East Ohio Community Alternative Program ("NEOCAP"). Appellant was also ordered to pay restitution.
 {¶ 7} Appellant presents a single assignment of error on appeal:
 {¶ 8} "The trial court erred and abused its discretion, to the prejudice of Mr. Gillespie, when it refused to permit the accused to withdraw his Alford plea prior to trial."
 {¶ 9} Appellant asserts that the trial court abused its discretion when it did not grant his motion to withdraw hisAlford guilty plea, as the plea was made based on "misinformation" from his trial counsel concerning the sentence appellant would receive.
 {¶ 10} An Alford guilty plea permits a plea of guilty when the defendant nevertheless denies any criminal liability, either with respect to the act itself or the degree of culpability which the offense requires.[2] "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."[3]
 {¶ 11} In interpreting Alford, the Supreme Court of Ohio has held:
 {¶ 12} "Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made."[4]
 {¶ 13} Crim.R. 32.1 provides:
 {¶ 14} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." In State v. Xie, the Supreme Court of Ohio held that "a presentence motion to withdraw a guilty plea should be freely and liberally granted."[5] "A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea."[6] We review the trial court's determination on a motion to withdraw a guilty plea for abuse of discretion.[7]
 {¶ 15} This court has applied the factors set forth by the Eighth Appellate District in State v. Peterseim when determining whether a trial court abused its discretion in overruling a presentence motion to withdraw a guilty plea.[8] Pursuant to Peterseim:
 {¶ 16} "[T]he trial court does not abuse its discretion in denying the motion where: (1) the trial court, following the mandates of Crim.R. 11, ensured the defendant understood his rights and voluntarily waived those rights by entering the guilty plea; (2) the defendant was represented by highly competent counsel; (3) the defendant was given adequate opportunity to be heard, by way of a hearing wherein he could assert all arguments in support of his motion to withdraw the plea; and (4) the trial court gave careful consideration to the merits of the defendant's motion to withdraw the plea."[9]
 {¶ 17} Appellant takes issue with the second and fourthPeterseim factors. Specifically, appellant contends that his trial counsel created "so much confusion" regarding his potential sentence that it was impossible for him to enter into a knowing, intelligent, and voluntary guilty plea. Moreover, based upon testimony provided at the hearing, appellant questions whether the trial court gave adequate consideration to his motion to withdraw the guilty plea.
 {¶ 18} At the hearing on the motion, appellant testified that his counsel had never informed him that he would be required to pay restitution to the victim and counsel had actually offered to pay the restitution himself. Appellant also testified that his counsel had misinformed him regarding the amount of time required to complete the NEOCAP program. Appellant's trial counsel testified at the hearing that he was not familiar with the NEOCAP program and had told appellant that he could expect to spend two to three months in the program, when the typical time period for that program is four to six months. When questioned as to whether counsel had told appellant that he would pay restitution on appellant's behalf, counsel responded, "I think we were sitting in my office, I told him that this is a good deal, if that's, you know, that's all it's going to take, I will pay for the damn restitution[.]"
 {¶ 19} Appellant contends that it was only after he entered into the guilty plea did he have any knowledge of the potential length of the NEOCAP program and the restitution requirement. There is no joint plea recommendation in the record. However, the written guilty plea signed by appellant demonstrates that he was aware of the possibility that he could spend a maximum of five years in prison, followed by a community control sanction. The written guilty plea also sets forth the possibility of "restitution to Dairy Mart in the amount of $456.00."
 {¶ 20} At the Crim.R. 32.1 hearing, the trial court examined appellant's testimony from the Crim.R. 11 hearing. At that hearing, appellant testified that he decided to enter into anAlford plea because he realized that the individual in the surveillance tapes resembled him and he thought he risked receiving a harsher sentence if he went to trial. Appellant testified that he was satisfied with trial counsel's performance. The court also noted that appellant stated he understood the rights he was waiving by entering a guilty plea.
 {¶ 21} However, appellant testified that he was misinformed by counsel about the potential sentence he could receive by pleading guilty. Specifically, the amount of time he was told he could serve in the NEOCAP program was actually twice as long as what he was advised by counsel, a fact counsel conceded at the hearing.
 {¶ 22} Therefore, appellant has demonstrated that he entered into an Alford guilty plea based upon advice from counsel that was not adequate in light of the circumstances surrounding the indictment. Moreover, this court has adhered to the notion that presentence motions to withdraw a guilty plea should be "freely and liberally granted." When a defendant is ill-advised about the potential sentence, he cannot be deemed to have entered into a knowing and voluntary guilty plea.
 {¶ 23} Thus, based on the record before us, we conclude that appellant demonstrated that he had a reasonable and legitimate basis for withdrawing his guilty plea. Moreover, pursuant to the holdings in Piacella and Peterseim, appellant's Alford plea was not knowingly and voluntarily made.
 {¶ 24} Appellant's assignment of error is with merit.
 {¶ 25} The judgment of the trial court is reversed, and the matter is remanded for proceedings consistent with this opinion.
Ford, P.J., and Christley, J., concur.
[1] North Carolina v. Alford (1970), 400 U.S. 25, 31.
[2] Id.
[3] Id. at 37.
[4] State v. Piacella (1971), 27 Ohio St.2d 92, syllabus.
[5] State v. Xie (1992), 62 Ohio St.3d 521, 527.
[6] Id. at paragraph one of the syllabus.
[7] Id. at paragraph two of the syllabus.
[8] State v. Gomez (Dec. 5, 1997), 11th Dist. No. 97-L-021, 1997 Ohio App. LEXIS 5450; State v. Ready, 11th Dist. No. 2001-L-150, 2002-Ohio-7138, at ¶ 35.
[9] (Emphasis omitted.) Gomez, at *6, citing State v.Peterseim (1980), 68 Ohio App.2d 211, 214.