JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Kevin Wilson (Wilson), appeals his guilty plea. After reviewing the parties' arguments and pertinent case law, we reverse.
 {¶ 2} On July 2, 2007, a Cuyahoga County Grand Jury indicted Wilson with the following: one count of drug trafficking, one count of possession of drugs, one count of possessing criminal tools.
 {¶ 3} On November 26, 2007, Wilson pleaded guilty to drug trafficking, and the remaining counts were nolled.
 {¶ 4} At the hearing, the trial court informed Wilson of all constitutional rights set forth in Crim. R. 11(C) and that he would be subject to a minimum six-month sentence and a maximum eighteen-month sentence. The trial court also stated:
 "I have told you and your attorney sir, that should you plead here today, despite the fact that you have seven prior felony indictments in Cuyahoga County alone, those are just indictments. Those are not convictions. And that I would place you on probation. And if you violate, you could go to the institution for eighteen months. Do you understand that sir?" (Tr. 8.)
Wilson responded affirmatively and pleaded guilty to drug trafficking. (Tr. 8.)
 {¶ 5} Immediately thereafter, the trial court attempted to proceed to sentencing and impose community control sanctions, albeit referred to by the court as a "one year suspended sentence, and two years probation":
 "I accept the plea, and we'll go forward with sentencing. It's going to be a one-year suspended sentence, and two years probation. Pay your court costs, and pay a two hundred fifty dollar fine." (Tr. 9-10.)
 {¶ 6} However, it was brought to the trial court's attention that a presentence investigation report was required and sentencing was thus rescheduled. The trial *Page 4 
court then admonished Wilson not to pick up additional cases while on bond to the trial court pending his sentencing hearing: "If you pick up another case, you're going to get sentenced to a second degree. No more drug cases while you're on bond to this court." (Tr. 13.)
 {¶ 7} On January 14, 2008, the trial court sentenced Wilson to eighteen months of imprisonment, citing to the fact that Wilson was arrested in an unrelated matter for drug trafficking while on bond to this court awaiting sentencing.
 {¶ 8} Wilson appeals, asserting one assignment of error for our review.
 {¶ 9} ASSIGNMENT OF ERROR
"Appellant's guilty plea was premised on a promise not kept."
 {¶ 10} Wilson argues that his plea was premised on a promise not kept because the trial court informed him after he entered his plea that he would serve community control sanctions unless he "picked up another" case while awaiting his sentencing hearing.
 {¶ 11} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. See Crim. R. 11;Kercheval v. United States (1927), 274 U.S. 220. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." State v.Engle, 74 Ohio St.3d 525, 1996-Ohio-179. (Internal citations omitted.) *Page 5 
 {¶ 12} The trial court is required to explain the constitutional rights set forth in Crim. R. 11(C) to the defendant and determine that the defendant understands those rights. State v. Ballard (1981),66 Ohio St.2d 473.
 {¶ 13} As it pertains to non-constitutional advisements, we review pleas based upon substantial compliance with Crim. R. 11(C). State v.Nero (1990), 56 Ohio St.3d 106. In doing so, we must look to the totality of the circumstances in determining whether a defendant entered his plea knowingly, intelligently, and voluntarily. Id. at 108.
 {¶ 14} According to the Supreme Court of Ohio:
 "[W]here the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made." State v. Piacella (1971), 27 Ohio St.2d 92, 96. *Page 6 
 {¶ 15} In applying the law to the facts of this case, we find that Wilson's plea was not the result of coercion. (Tr. 8.) A review of the record also reveals that counsel was not only present at the plea hearing but his advice was competent in light of the circumstances surrounding the indictment. The transcript also reveals that Wilson entered his plea with the understanding of the nature of the charges and that the plea was otherwise voluntarily and intelligently made underPiacella.
 {¶ 16} Furthermore, the trial court informed Wilson of the constitutional rights he would be waiving by entering a plea of guilty pursuant to Crim. R. 11(C) and ensured that Wilson understood those rights. (Tr. 3-10.) The trial court also informed Wilson that by pleading guilty, he would be subject to a minimum six-month sentence and a maximum eighteen-month sentence, however, pursuant to the plea agreement, the trial court would place Wilson on community control sanctions. (Tr. 8.) Thus, our review of the transcript reveals that Wilson entered his plea knowingly, intelligently, and voluntarily as it pertains to his understanding of the charges against him as well as the constitutional rights that he would be waiving.
 {¶ 17} With this in mind, however, we note that:
 "[A] trial court is vested with sound discretion when implementing plea agreements. The court is not obligated to follow the negotiated plea entered into between the state and the defendant. However, once the court approves the plea agreement, its ability to deviate from it is limited." *Page 7 State v. Dunbar, Cuyahoga App. No. 87317, 2007-Ohio-1693. (Internal citations omitted.)
 {¶ 18} "The first issue *** then, taking into consideration the totality of the circumstances, is whether the trial court accepted the plea agreement before it deviated from the recommended sentence, and whether [defendant] was put on notice that the trial court might deviate from the recommended sentence." Dunbar at _117, citing Nero.
 {¶ 19} In the case sub judice, the record makes clear that the trial court not only agreed to impose community control sanctions as part of the plea agreement but the court actually attempted to impose the same immediately following Wilson's guilty plea. Not until after Wilson entered his plea did the trial court add the condition that Wilson may not pick up additional cases while on bond to the court prior to his sentencing hearing. In doing so, the trial court accepted the plea agreement and Wilson's guilty plea before it deviated from the stated sentence of community control sanctions, and Wilson was not put on notice that the trial court might deviate until after he entered his plea.
 {¶ 20} We held in Dunbar that, "when the court decided to deviate from the plea agreement, it should have clearly advised Dunbar of its intentions, and allowed him to reconsider his plea. *** As such, we conclude that the trial court erred by failing to either forewarn Dunbar of the potential for prison at the plea *Page 8 
hearing or give him the opportunity to withdraw his guilty plea at the sentencing hearing." Dunbar at _141-42.
 {¶ 21} Wilson's sole assignment of error is sustained in part.
 {¶ 22} Judgment reversed and the matter is remanded for further proceedings consistent with this opinion. The trial court is thus instructed to vacate Wilson's guilty plea.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. McMONAGLE, J., and JAMES J. SWEENEY, J., CONCUR. *Page 1