[Cite as *State v. Ramey*, 2018-Ohio-2202.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 17-CA-89 |
| JOSHUA L. RAMEY | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:    Criminal appeal from the Licking County
                            Court of Common Pleas, Case No.
                            17CR595

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     June 4, 2018

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

DANIEL BENOIT                       JAMES ANZELMO
Assistant Prosecutor                446 Howland Drive
20 South Second Street, 4th Floor   Gahanna, OH 43230
Newark, OH 43055

*Gwin, P.J.*

{¶1} Appellant Joshua L. Ramey ["Ramey"] appeals his conviction and sentence after a negotiated guilty plea in the Licking County Court of Common Pleas.

*Facts and Procedural History*

{¶2} Ramey was indicted for Illegal Conveyance of Drugs Onto Grounds of Detention Facility, a violation of 2921.36, a third degree felony, Grand Theft (Motor Vehicle), a violation of R.C. 2913.02(A)(2)(B)(1)(5), a felony of the fourth degree, and Vandalism, a violation of R.C. 2909.05(B)(2)(E), a felony of the fifth degree.

{¶3} On September 27, 2017, Ramey filed a "Motion for Change of Plea and Sentencing," in which he asked the trial court "for permission for a hearing for his change of plea." The trial court granted Ramey's motion by Judgment Entry filed September 27, 2017.

{¶4} Ramey entered a negotiated guilty plea on the theft offense on November 2, 2017. In exchange, the state dismissed the illegal conveyance and vandalism charges. A pre-sentence investigation was prepared and reviewed by the sentencing court. Ramey's counsel requested that Ramey be placed on community control. The sentencing court acknowledged reviewing the presentence investigation, considering the principles of sentencing set forth by the Ohio Revised Code along with those code sections related to seriousness and recidivism.

{¶5} The sentencing court outlined Ramey's prior record including various outstanding warrants and an additional assault charge pending within Licking County. T., Change of Plea and Sentencing, Nov. 2, 2017 at 19. The court then sentenced Ramey to eighteen months in prison. When asked if he had any questions about the sentence,

Ramey requested the court consider his drug habit and requested he be placed in a drug program. T., Change of Plea and Sentencing, Nov. 2, 2017 at 21. Ramey told the trial court that he had been to prison twice before and indicated it did not help. T., Change of Plea and Sentencing, Nov. 2, 2017 at 21-22. The trial court responded,

> Well, maybe it will work the third time. I can't send you anyplace when you have outstanding warrants so you need to get those taken care. And it looks like you picked up another charge while you are here in the county jail.

T., Change of Plea and Sentencing, Nov. 2, 2017 at 22.

*Assignments of Error*

{¶6} Ramey raises two assignments of error,

{¶7} "I. JOSHUA RAMEY DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY PLEAD GUILTY TO THEFT, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION.

{¶8} "II. THE TRIAL COURT ERRED BY ISSUING A SENTENCING ENTRY WITH AN ORDER FOR JOSHUA RAMEY TO PAY COURT COSTS, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUITON.

I.

**{¶9}** In his First Assignment of Error, Ramey argues that he did not enter a knowing voluntary and intelligent plea of guilty.

**STANDARD OF APPELLATE REVIEW.**

**{¶10}** The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. See *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473(1962). A plea of guilty constitutes a complete admission of guilt. Crim. R. 11 (B) (1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762(1989).

**{¶11}** Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard,* 66 Ohio St.2d 473, 475, 423 N.E.2d 115(1981), citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). In *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

> Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered

prejudice.[*State v. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made.' Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]. See, *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509 at ¶ 19-20.

**{¶12}** Further, evidence of a written waiver form signed by the accused is strong proof that the waiver was valid. *State v. Clark*, 38 Ohio St.3d 252, 261, 527 N.E.2d 844, 854(1988); *see North Carolina v. Butler*, 441 U.S. 369, 374-375, 99 S.Ct. 1755, 1758-1759, 60 L.Ed.2d 286, 293(1979); *State v. Dennis*, 79 Ohio St.3d 421, 425, 1997-Ohio-372, 683 N.E.2d 1096, 1102(1997).

**{¶13}** With respect to statements made during change of plea hearings, the United States Supreme Court has stated, "the representation of the defendant, his lawyer, and the prosecutor in such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Machibroda v. United States*, 368 U.S. 487, 497, 82 S.Ct. 510, 515(1962).

ISSUE FOR APPEAL.

*Whether Ramey's plea was made knowingly, intelligently and voluntarily.*

**{¶14}** In the case at bar, neither the Crim.R. 11(C) and (F) plea agreement signed by Ramey and his attorney, nor the trial judge promised Ramey that he would be

sentenced to community control instead of prison.  The Judgment Entry of sentencing, indicates,

> For the reasons stated on the record, and after consideration of the factors under Ohio Revised Code Sections 2929.12 and 2929.13 (B), the Court also finds that prison is consistent with the purposes  of Ohio Revised Code Section 2929.11, and *the Defendant is not amenable to an available community control sanction.*

*Judgement Entry,* filed Nov. 2, 2017 (emphasis added).

{¶15}   Nothing in the record of this case suggests that Ramey was not eligible or that the trial court could not have sentenced Ramey to community control. To the contrary, the Judgment Entry of sentencing indicates the trial court found Ramey to be "not amenable" rather than "ineligible."  The trial judge's statements did not mislead Ramey. The trial judge simply recognized that until Ramey took care of his outstanding felony warrants in Pickaway, Miami, and Licking counties, Ramey could not enter a treatment program.  This does not make Ramey ineligible to be placed on community control sanctions in the case at bar.  Ramey does not challenge the trial court's imposition or length of the prison sentence in his appeal.

{¶16}  In the case at bar, the trial judge gave Ramey several opportunities to ask questions or bring any concerns to his attention.  He did not. Ramey did not file a motion in the trial court seeking to withdraw his negotiated guilty plea.  We find Ramey's suggestion that he did not understand his rights, or that his plea was involuntary to be unsupported by the record.

**{¶17}** The transcript of the plea hearing reflects that Ramey indicated in response to the court's questions that his pleas were voluntary, that he understood the nature of the charges and penalties, and the agreement concerning his pleas and sentence. The court further informed Ramey that a guilty plea is a complete admission of guilt, and that upon acceptance the court would proceed to judgment and sentencing. Finally, the record reflects that the court advised Ramey of each of his constitutional rights as set forth in Crim.R.11. The record affirmatively discloses that: (1) a guilty plea was not the result of coercion, deception or intimidation; (2) Ramey's attorney was present at the time of the plea; (3) his advice was competent in light of the circumstances surrounding the plea (4) the plea was made with the understanding of the nature of the charges; and, (5) the plea was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both. *See, State v. Piacella,* 27 Ohio St.2d 92, 217 N.E.2d 852(1971), syllabus.

**{¶18}** Ramey's First Assignment of Error is overruled.

II.

**{¶19}** In his Second Assignment of Error, Ramey argues that the trial court erred by imposing court costs in the sentencing entry but not at the sentencing hearing.

**{¶20}** The General Assembly amended R.C. 2947.23 by adding the following provision, "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." In *State v. Beasley*, Oh. Sup. Ct. Case No. 2014-0313, 2018-Ohio-493, the Ohio Supreme Court noted that in light of this new provision, a case does not need to be remanded to the trial

court in order for the defendant to obtain an order waiving, suspending, or modifying costs.  Id. at ¶ 264 –265.

{¶21}  Accordingly, in the Case at bar, any further dispute as to costs can be handled in the manner authorized under R.C. 2947.23, without remand by this court.

{¶22}  Ramey's Second Assignment of Error is overruled.

{¶23}  The judgment of the Licking County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Delaney, J., and

Wise, Earle, J., concur