[Cite as *Shaw v. Shaw*, 2017-Ohio-7777.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Sherry W. Shaw                                    Court of Appeals No. L-16-1271

       Appellant                              Trial Court No. DR2006-0875

v.

John C. Shaw                                      **DECISION AND JUDGMENT**

       Appellee                               Decided:  September 22, 2017

* * * * *

Rose M. Mock, for appellant.

Douglas A. Wilkins, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an October 19, 2016 judgement of the Lucas County

Court of Common Pleas, Domestic Relations Division, denying appellant's Civ.R.

60(B)(5) and (B)(3) motion for relief from judgment in connection to appellant's 2008

divorce.  The motion was filed shortly before appellant's spousal support concluded eight years after the parties' divorce was final.  In support, appellant sets forth unilateral, sweeping assertions of financial misconduct on the part of appellee.  For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant sets forth the following three (3) assignments of error:

1.  The Court erred by denying the Appellant relief under Civ. Rule [sic] 60(B) 3 & 5.

2.  The Trial Court Abused its Discretion by denying the appellant a hearing based upon the reasoning [that] the fraud should have been discoverable in 2008.

3.  The Trial Court Abused its Discretion by denying the Appellant's Motion based on the fact it was a negotiated settlement as opposed to a trial by "highly skilled family law attorneys[.]"  [When the] Appellee never provided an Affidavit of Property.

{¶ 1} The following undisputed facts are relevant to this appeal.

{¶ 2} On October 10, 2008, the final judgment entry of divorce underlying this case was filed.  Both parties were represented by established, experienced legal counsel.  Pursuant to the final divorce decree, appellee was ordered to pay appellant spousal support on a monthly basis for a term of seven years.

{¶ 3} On April 20, 2016, coinciding with the approaching conclusion of appellee's mandated monthly spousal support payments to appellant pursuant to the 2008 divorce

2.

decree, appellant filed a Civ.R. 60(B)(3) and (B)(5) motion for relief from judgment. Appellant submitted an affidavit in support of the motion.

{¶ 4} Appellant's supporting affidavit constitutes a series of sweeping and unsupported statements and conclusions. For example, appellant's affidavit proclaims, "[H]e has liquidated and stolen the children's college funds." Appellant further unilaterally concludes, "[Appellee] has committed large scale fraud against me, my children, the court, my previous legal counsel." In addition, appellant maintains, "I am unemployable. I have applied for over 50 jobs since the divorce and am unable to obtain secure, long-lasting employment * * * I was a corporate housewife for 21 years."

{¶ 5} On October 19, 2016, the trial court denied appellant's motion. The trial court determined in relevant part, "The parties were divorced by final judgment entry filed October 10, 2008 * * * Civ.R. 60(B)(3) clearly states that a motion for relief from judgment on the grounds of fraud must be filed within one year from the date of the judgment entry." The court further concluded, "The court understands from the plaintiff's arguments that her spousal support is about to end and that she may be unable to sustain employment comparable to her present needs. Such circumstances * * *cannot now be the basis for vacating the divorce decree." This appeal ensued.

{¶ 6} We note that each of the assignments of error is rooted in the legal premise that the trial court erred and abused its discretion in the denial of appellant's 2016 Civ.R. 60(B) motion for relief from the 2008 divorce decree. We do not concur. The assignments of error will be addressed simultaneously given their common foundation.

3.

{¶ 7} The standard of review governing appellate review of disputed Civ.R. 60(B) decisions is abuse of discretion. Such rulings fall squarely within the broad discretion of the trial court. An abuse of discretion requires more than a mere error of law or judgment. It must be shown that the disputed trial court action was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 8} Civ.R. 60(B) unequivocally establishes that a Civ.R. 60(B)(3) motion must be filed, "[N]ot more than one year after the judgment, order or proceeding was entered or taken." In addition, Civ.R. 60(B) further establishes that all Civ.R. 60(B) motions, "[S]hall be made within a reasonable time."

{¶ 9} The record of evidence clearly reflects that both parties were represented by highly skilled and highly experienced counsel in the course of negotiating the underlying 2008 divorce decree.

{¶ 10} The record reflects that the instant matter arises from appellant's unsuccessful 2016 Civ.R. 60(B) motion for relief from judgment which approximately coincided with the conclusion of appellee's mandatory spousal support payments to appellant and nearly eight years after the subject judgment was issued.

{¶ 11} In support of the motion, appellant's affidavit sets forth a litany of sweeping and subjective conclusions. Appellant asserts, "*I believe* the terms of my divorce were not equitable or fair." (Emphasis added). Appellant further maintains, "I am unemployable," without furnishing an objective or convincing basis in support of that

4.

conclusion. The fact that appellants was, "[A] corporate housewife for 21 years," does not operate as a matter of law to render appellant incapable of employment.

{¶ 12} In conjunction with the above, appellant's post hoc claims that appellee, "[C]omitted large-scale fraud," and allegedly has, [S]tolen the children's college funds," are unpersuasive. The record is devoid of objective, convincing evidence in support of appellant's litany of fraud related claims against appellee.

{¶ 13} Apart from the lack of substantive merit, the record reflects that appellant's Civ.R. 60(B)(3) motion for relief from judgment based upon allegations of fraud needed to be timely filed by approximately October 10, 2009. As such, appellant's April 20, 2016 Civ.R. 60(B)(3) motion filing was not timely made.

{¶ 14} With respect to appellant's remaining April 20, 2016 Civ.R. 60(B)(5) filing, we find that the record of evidence in this matter reflects that appellant has failed to establish a meritorious claim for relief. On the contrary, it is predicated on unconvincing, subjective, and unilateral conclusions. In conjunction with the lack of substantive merit, we further find that it was not made within the mandated "reasonable" timeframe.

{¶ 15} Wherefore, based upon the foregoing, we find appellant's assignments of error to be not well-taken. The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is hereby affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
James D. Jensen, P.J.                                        JUDGE
CONCUR.

_____
JUDGE

6.