[Cite as *State v. Little*, 2018-Ohio-2864.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-17-1008

      Appellee                                 Trial Court No. CR0201503145

v.

Cecil Little                                          **DECISION AND JUDGMENT**

      Appellant                               Decided:  July 20, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Andrew J. Lastra, Assistant Prosecuting Attorney, for appellee.

Eric Allen Marks, for appellant.

* * * * *

**OSOWIK, J.**

### Introduction

{¶ 1} Defendant-appellant, Cecil Little, entered a guilty plea pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.E.2d 162 (1972) (an "*Alford* plea") to trafficking in cocaine, a second-degree felony, and failure to comply with an order by the

police, a third-degree felony. On appeal, Little argues that, based upon a then-controlling decision in this appellate district, the state failed to establish that he possessed an amount of cocaine that corresponds to a second-degree felony. Little also argues that there was no factual basis to support his plea and, therefore, that the trial court should not have accepted it. Because we find (1) that any challenges to the actual weight of the cocaine were waived by his plea and that (2) the trial court did not err in accepting his plea, we affirm the judgment below.

## Statement of Facts and Procedural History

{¶ 2} The facts are not in dispute. Little was arrested in the city of Toledo on October 31, 2015, for selling a controlled substance to an undercover police officer for $2,000. After the sale, when the police attempted to arrest him, Little fled the scene by car and eventually crashed. At the time of his arrest, the police confiscated two additional bags of white powder, multiple pills and marijuana.

{¶ 3} All three bags of white powder were tested and analyzed: the one that Little sold to the police and the two in his possession at the time of arrest. According to the laboratory report, the first bag contained 46.23 grams of "Benzocaine;" the second bag contained 14.90 grams of Benzocaine and Cocaine Hydrochloride; and the third bag contained 6.52 grams of Benzocaine. As to the second bag, the report did not specify what percentage of the substance tested was Benzocaine and what percentage was Cocaine Hydrochloride. Benzocaine is a local anesthetic; it is not a controlled substance under Ohio law. It is, however, one of many common "filler" drugs that are used to

2.

dilute the purity of cocaine. *State v. Gonzales,* 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.3d 419, ¶ 10-11. "Cocaine Hydrocholoride," whose street name is "cocaine" is a controlled substance.

{¶ 4} Little was indicted on ten counts by the Lucas County Grand Jury on December 18, 2015: trafficking in cocaine, in violation of R.C. 2925.03(A)(1) and (C)(4)(f), a felony of the ***first*** degree (Count 1); trafficking in counterfeit controlled substances, in violation of R.C. 2925.37(B) and (H), a felony of the fifth degree (Count 2); trafficking in drugs, in violation of R.C. 2925.03(A)(1) and (C)(4)(d), a felony of the third degree (Count 3); possession of cocaine, in violation of R.C. 2925.11(A) and (C)(4)(c), a felony of the third degree (Count 4); aggravated possession of drugs, in violation of R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree (Count 5); trafficking in drugs, in violation of R.C. 2925.03(A)(2) and (C)(2)(a), a felony of the fifth degree (Count 6); possession of drugs, in violation of R.C. 2925.11(A) and (C)(2)(a), a felony of the fifth degree (Count 7); tampering with evidence, in violation of R.C. 2921.12(a)(1) and (B), a felony of the third degree (Count 8); failure to comply with an order of signal of a police officer, in violation of R.C. 2921.331(B) and (C)(5)(a)(i), a felony of the third degree (Count 9); and resisting arrest, in violation of R.C. 2921.33(A) and (D), a misdemeanor of the second degree (Count 10).

{¶ 5} A plea hearing was held on September 27, 2016 during which Little entered an *Alford* plea of guilt to an amended charge in Count 1, trafficking in cocaine, in violation of R.C. 2925.03(A)(1) and (C)(4)(e), a felony of the ***second*** degree. R.C.

3.

2925.03(C)(4)(e) applies "if the amount of the drug involved equals or exceeds twenty grams [20] but is less than twenty-seven [27] grams of cocaine." Little also entered an Alford plea to Count 9, failure to comply with a signal of a police officer, in violation of R.C. 2921.331(B) and (C)(5)(a)(i), a felony of the third degree. The state agreed to dismiss the remaining eight counts. Little does not challenge his conviction as to Count 9.

{¶ 6} The trial court explained Little's constitutional rights, the consequences of entering a guilty plea, including a basic prison term of up to eight years as to Count 1, and postrelease control. The court specifically asked whether Little understood that, "by entering this plea you're giving up your right to have the State of Ohio prove your guilt beyond a reasonable doubt." Little answered, "Yes, ma'am." At the court's request, the state then gave a factual basis for the plea. The prosecutor asserted, in relevant part,

Thank you, Your Honor. Had this matter proceeded to trial the State would have been able to prove beyond a reasonable doubt that as it pertains to count one Cecil Little, on or about the 31st day of October, 2015, in Lucas County, Ohio did knowingly sell or offer to sell a controlled substance, and the drug involved was cocaine or a compound, mixture, preparation or substance containing cocaine, and the amount of the drug involved equaled or exceeded 20 grams but was less than 27 grams of cocaine in violation of R.C. 2925.03(A)(1) & (C)(4)(e) of the Ohio Revised Code, trafficking in cocaine, a felony of the second degree. * * *

4.

Specifically, * * * Mr. Little knowingly offered to sell two ounces of cocaine to an undercover vice detective for the amount of $2000. * * * [T]he substance was later tested to be 46.23 grams of Benzocaine. *However, during the transaction he brought two-and-a-half ounces * * *. He broke off a piece, which was witnessed by the undercover detective, and that piece that he broke off contained a mixture of Benzocaine and cocaine hydrochloride.* After the direct buy from the vice detective * * * the officers attempted to initiate a traffic stop with Mr. Little who fled in his vehicle. * * * [He crashed his vehicle and was apprehended.] And then a search incident to arrest he had * * * $2000 that was on his person that was given to him by [the vice detective] after the direct buy. All of the drugs were tested except for the oxycodone and marijuana, and the results are as follows: *There was a plastic bag containing white powder which amounted to 46.23 grams of Benzocaine * * * another bag containing * * * white powder was 14.9 grams of Benzocaine and cocaine hydrochloride. That was the initial portion offered to [the detective].* Item three is a plastic bag containing white powder which weighed 6.52 grams of Benzocaine. * * * Based on these facts the State asks the Court [to] find the Defendant guilty of trafficking in cocaine, a second degree felony, and failure to comply with an order or signal of a police officer, a felony of the third degree.

(Emphasis added.)

**{¶ 7}** Little then signed a plea form which reflected the agreement of the parties and the particular rights he was waiving, including his "right to have the prosecutor prove my guilt beyond a reasonable doubt on every element of each charge." After finding that Little's waiver was knowing, intelligent and voluntary, the court accepted his plea and found him guilty.

**{¶ 8}** Prior to sentencing, Little filed a sentencing memorandum. Citing *State v. Gonzales,* 6th Dist. Wood No. WD-13-086, 2015-Ohio-461, he argued that there was no evidence establishing the actual weight of the cocaine in his possession at the time of his arrest and therefore he "should not be subject to the Penalty Enhancement" set forth in R.C. 2925.03(C)(4)(e). At the December 5, 2016 sentencing hearing, the trial court rejected Little's argument because he failed to object "to the facts that were stated in the record" during his plea hearing. The court found that Little, by entering a guilty plea, waived his opportunity to challenge the evidence. Little did not request to withdraw his plea. The court then sentenced Little to serve three years in prison as to Count 1 and two years as to Count 9. It also imposed monetary fines, postrelease control, and a driver's license suspension. Through appellate counsel, Little claims two assignments of error for our review:

> **First Assignment of Error:** The trial court erred in refusing to apply the controlling definition of "cocaine" that was in place at the time of sentencing.

6.

**Second Assignment of Error**:  The trial court erred in finding appellant guilty of a felony of the second degree following his Alford plea of guilty.

**Law and Analysis**

{¶ 9} "An *Alford* plea is procedurally indistinguishable from a guilty plea and waives all alleged errors * * * committed at trial except those errors that may have affected the entry of a defendant's plea pursuant to Crim.R. 11." *State v. Nguyen*, 6th Dist. Lucas No. L-05-1369, 2007-Ohio-2034, ¶ 18, quoting *State v. Leasure*, 6th Dist. No. L-05-1260, 2007-Ohio-100.  Little does not claim a violation of Crim.R. 11.  Indeed, during his plea hearing, Little's counsel asserted that the *Alford* plea was given "knowingly, intelligently, and voluntarily," and Little does not argue otherwise on appeal, nor does he claim ineffective assistance of trial counsel.  Instead, in his first assignment of error, he claims that his sentence was "contrary to law," and in his second, he argues that the trial court abused its discretion in accepting his plea because "there was no factual basis presented by the State in its proffer to support" a second degree trafficking offense.

{¶ 10} Little's "failure to raise the validity of his plea in the trial court constitutes a waiver of the issue on appeal, absent plain error." *State v. G.C.,* 10th Dist. Franklin No. 15AP-536, 2016-Ohio-717, ¶ 13.  *See also State v. Ellis*, 6th Dist. Lucas No. L-15-1296, 2016-Ohio-8086, ¶ 19 (Because "[a]ppellant did not object, challenge or seek to withdraw her plea prior to being sentenced, * * * [she] must rely on the plain error

7.

analysis to now challenge [her] sentence or plea."). Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." However, notice of plain error should be with "utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. An alleged error constitutes plain error only if, but for the error, the outcome of the trial would have been different. *Long.*

**Effect of Little's Plea**

{¶ 11} In his first assignment of error, Little seeks to have his "three year sentence reversed" based upon this court's February 6, 2015 decision in *State v. Gonzales,* 6th Dist. Wood No. WD-13-086, 2015-Ohio-461, ¶ 47. Although *Gonzales* was ultimately reversed by the Ohio Supreme Court, it was controlling legal precedent within this district at the time of Little's plea and sentencing. *See State v. Gonzales*, 150 Ohio St.3d 276, 81 N.E.3d 419, 2017-Ohio-7777 ("*Gonzales II"*). But, as set forth below, *Gonzales* does not apply to this case because it addressed the sufficiency of evidence required to sustain a conviction for cocaine possession—not *trafficking* in cocaine—and, regardless, Little waived his right to challenge the sufficiency of the evidence by pleading guilty to the trafficking charge.

{¶ 12} The defendant in *Gonzales* was indicted on one count of possession of cocaine, in violation of R.C. 2925.11(A) and (C)(4)(f), in addition to a major drug offender specification, pursuant to R.C. 2929.01 based on the allegation that the amount

8.

of cocaine equaled or exceeded 100 grams. At trial, witnesses identified the evidence as cocaine, but no lab results were admitted to confirm the identity, or the purity, of the substance. The jury found Gonzales guilty as charged. On appeal, the defendant argued that the trial court erred by allowing the jury to consider the entire weight of the seized substances in determining whether he possessed 100 grams or more of cocaine. We agreed and held that, "the state in prosecuting cocaine offenses under R.C. 2925.11(C)(4)(a) through (f), must prove that the weight of the *actual cocaine* possessed by the defendant met the statutory threshold." (Emphasis in original.) Because the state failed to introduce evidence as to the weight of the actual cocaine, we vacated the defendant's penalty enhancement under R.C. 2925.11(C)(4)(f). Recognizing that our decision was in conflict with the Second Appellate District, in *State v. Smith,* 2d Dist. Greene No. 2010-CA-36, 2011-Ohio-2568, we sua sponte certified a conflict to the Supreme Court of Ohio for review and final determination of the following question: "Must the state, in prosecuting cocaine offenses involving mixed substances under R.C. 2925.11(C)(4)(a) through (f), prove that the weight of the cocaine meets the statutory threshold, excluding the weight of any filler materials used in the mixture?" Initially, the Supreme Court of Ohio affirmed our decision. *See State v. Gonzales*, 150 Ohio St.3d 261, 2016-Ohio-8319, 81 N.E.3d 405, ¶ 22 ("*Gonzales I")* ("[I]n prosecuting cocaine-possession offenses under R.C. 2925.11(C)(4)(b) through (f) involving mixed substances, the state must prove that the weight of the actual cocaine, excluding the weight of any filler materials, meets the statutory threshold."). One month later, on March 6, 2017, and

9.

at the urging of the state, the court reconsidered its initial decision. It held that "the applicable offense level for cocaine possession under R.C. 2925.11(C)(4) is determined by the total weight of the drug involved, including any fillers that are part of the usable drug. Thus, we answer the certified question in the negative, and we reverse the judgment of the Sixth District Court of Appeals." *Gonzales II* at ¶ 18.

{¶ 13} In this case, Little argues that our holding in *Gonzales* applies because he was sentenced before it was reversed and vacated. Pursuant to that decision, Little argues that the state "failed to proffer evidence" establishing the purity of the cocaine that was commiserate with a second-degree felony. Therefore, he argues that he should have only been sentenced "to the base level of trafficking in cocaine, which is a felony of the fourth degree. R.C. 2925.03(C)(1)(b)." Little's argument, while creative, overlooks a crucial distinction in the two cases. That is, in *Gonzales,* the defendant pled not guilty to the possession charge, thereby preserving his right to challenge the sufficiency of the evidence proffered against him on appeal. *See State v. Jones,* 91 Ohio St.3d 335, 346, 744 N.E.2d 1163. By contrast, Little pled guilty, thereby waiving the right to challenge the evidence against him. Crim.R. 11(B)(1) explicitly states, "[t]he plea of guilty is a complete admission of the defendant's guilt." Little's plea operates as "an admission of every material fact well pleaded in the indictment, dispensing with the necessity of proving them, and authorizing the court to proceed to judgment." *Craig v. State*, 49 Ohio St. 415, 418, 30 N.E. 1120 (1892). *See State v. Post*, 32 Ohio St.3d 380, 386-387, 513 N.E.2d 754 (1987) ("Crim.R. 11 does not require the trial court to establish a factual

basis for the plea before its acceptance."), *modified on other grounds in State v. McDermott,* 72 Ohio St.3d 570, 572, 651 N.E. 2d 985 (1995). For example, where a defendant challenged "certain factual issues such as * * * the actual gram weight of the crack-cocaine * * * defendant's guilty plea effectively waived *any and all* factual challenges." (Emphasis in original.) *State v. Price,* 10th Dist. Franklin No. 02AP-1215, 2003-Ohio-4764. Likewise, in *State v. Gibson*, 11th Dist. Portage No. 2005-P-0006, 2006-Ohio-4171, the defendant challenged the gram weight of the crack cocaine. The court found that, "[c]ontrary to [the defendant's] claim that a knowing guilty plea required evidentiary support of the quantity of cocaine with respect to count four, the trial court was not required to establish the factual basis for the indicted offense before accepting his plea." *Id.* at ¶ 21; *See also State v. Jamison,* 2d Dist. Montgomery No. 21165, 2006-Ohio-4933 ("By entering a plea of guilty, Jamison surrendered his right to have the State prove his guilt of Possession of Marijuana and Possession of Crack Cocaine beyond a reasonable doubt."). We find that neither this court's decision in *Gonzales* (actual weight of the cocaine) nor the Ohio Supreme Court's decision (total weight of the drug, including fillers) is implicated by this case. By pleading guilty, Little waived his right to challenge the sufficiency of the evidence supporting his conviction for violating R.C. 2925.03(C)(4)(e). For these reasons, we find that the trial court did not err, let alone commit plain error, in finding that Little waived his right to challenge the weight of the cocaine supporting his conviction. Little's first assignment of error is not well-taken.

11.

**Acceptance of Little's Plea**

{¶ 14} In his second assignment of error, Little argues, in the alternative that the trial court abused its discretion in accepting his *Alford* plea. As discussed, because Little did not seek to withdraw his plea, we review the trial court's acceptance of it for plain error, not an abuse of discretion.

{¶ 15} The state initially charged Little with violating R.C. 2925.03(C)(4)(f) which pertains to trafficking in cocaine that "equals or exceeds twenty-seven [27] grams but is less than [100] grams." That charge was based on the police witnessing Little with a single piece of cocaine, that he broke into two distinct pieces: The first piece weighed 46.23 grams, and the second piece weighed 14.9 grams, for a total of 61.13 grams.

{¶ 16} On appeal, Little complains that the state "tried to bootstrap" the second item that contained a "detectible amount of cocaine," with the first item that was counterfeit. He argues that, "[a]t best, the State presented evidence that [he] sold an undercover detective 46.23 grams of Benzocaine * * * and that he had possession of 14.9 grams of a substance containing Benzocaine and Cocaine Hydrococaine." He concludes that "there was no factual basis" to support a second-degree felony conviction and that "the court should have made a finding that [he] was guilty of Trafficking in Cocaine, a third degree felony in violation of R.C. 2925.03(C)(4)(d)." That section applies "if the amount of the drug involved equals or exceeds ten grams [10] but is less than twenty grams [20] of cocaine."

12.

**{¶ 17}** The Ohio Supreme Court has outlined the analysis required to determine whether an *Alford* plea has been voluntarily and intelligently made:

[W]here the record affirmatively discloses that: (1) a guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) his advice was competent in light of the circumstances surrounding the plea; (4) the plea was made with the understanding of the nature of the charges; and, (5) the plea was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made. *State v. Piacella*, 27 Ohio St.2d 92, 96, 271 N.E.2d 852 (1971).

**{¶ 18}** In addition, "[b]efore accepting an *Alford* plea, the trial court must * * * require the state to show a basic factual framework for the charge and plea." (Citation omitted.) *State v. Woods,* 6th Dist. Lucas No. L-13-1181, 2014-Ohio-3960, ¶ 6.

**{¶ 19}** Here, during the plea colloquy, the trial court addressed the maximum available sentence as to each count, including that the second-degree felony charge in Count 1 carried a basic prison term of two to eight years and carried a mandatory term of incarceration. Little acknowledged that the *Alford* plea was motivated by a desire to avoid the possibility of additional convictions (as to Counts 2-8 and 10) and the possibility of a longer prison sentence as to the original charge in Count 1. Little's attorney was present when the plea was tendered, and the record does not support the conclusion that the advice he received from counsel was anything other than competent.

13.

Little stated on the record that he was satisfied with his attorney's advice and believed the change of plea was in his best interest. The record also establishes that the trial court complied with Crim.R. 11(C) by engaging in an extensive colloquy to insure that Little was fully aware of his constitutional rights and that he understood the consequences of his plea. Furthermore, in the instant case the state complied with the mandate that a proffer be made so as to provide a basis for a finding of guilt despite the protestations of innocence. *State v. Casale*, 34 Ohio App.3d 339, 518 N.E.2d 579 (1986).

{¶ 20} That Little now has second thoughts about the state's ability to prove its case does not warrant a finding that the trial court should have refused to accept his guilty plea. "A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." (Citations omitted). *Piacella*, 27 Ohio St.2d at 94, 271 N.E.2d 852.

{¶ 21} Finally, as to Little's concession that he "should have" been found "guilty" of R.C. 2925.03(C)(4)(d), i.e., trafficking between 10 and 20 grams, we note that the penalty for that offense would have included a prison term between 9 and 36 months. *See* R.C. 2929.14(A)(3)(b). Again, the trial court sentenced Little to serve three years for drug trafficking.

{¶ 22} A plain error finding is limited to those cases where a defendant demonstrates that, but for the plain error, the outcome of his case would have been different. We see no manifest injustice to support a plain error finding in this case. That

14.

is, we do not find that, but for the alleged error by the trial court in accepting Little's plea, his sentence would have been different. Accordingly, we find that Little's second assignment of error is not well-taken.

{¶ 23} For the reasons set forth above, we affirm the December 5, 2016 judgment of the Lucas County Court of Common Pleas. Costs are assessed to Little pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____
                                                                JUDGE
Thomas J. Osowik, J.

                                                   _____
Christine E. Mayle, P.J.                          JUDGE
CONCUR.

                                                   _____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.